[No. D048907. Fourth Dist., Div. One. Oct. 17, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT N. WILLIAMS, Defendant and Appellant.

900

COUNSEL

Law Offices of Pamela G. Lacher and Pamela G. Lacher for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Gil Gonzalez, Lynne G. McGinnis and Scott Taylor, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**NARES, Acting P. J.**—Defendant Robert N. Williams challenges the court's imposition of a negotiated aggregate prison sentence of five years four months following his guilty plea in the present case and the revocation of his probation in a prior case. In 2003, after Williams pleaded guilty in *People v. Williams* (Super. Ct. San Diego County, 2003, No. SCD169274) (the drug case) to one felony count of selling a controlled substance, and after he admitted he had suffered a prior "Three Strikes" law conviction (or strike), the court sentenced him to five years in prison, but suspended execution of that sentence and placed him on formal probation. In mid-2005, during his probation, Williams was charged in the present case—San Diego County Superior Court case No. SCD192215 (the attempted pimping case)—with two new offenses: pimping and soliciting an act of prostitution. The court revoked Williams's probation following an evidentiary hearing. In September of that year, the court lifted the stay of execution of the five-year prison sentence imposed in the drug case, sentenced Williams to four years in state prison[1] and remanded him to the custody of the sheriff pending conclusion of this attempted pimping case. Williams appealed the judgment (*People v. Williams* (Aug. 14, 2006, D047544) [nonpub. opn.]).

In April 2006, while his appeal was pending in the drug case, Williams pleaded guilty in the present case to one count of attempted pimping and admitted the prior strike allegation. In accordance with the plea agreement, the court sentenced Williams in this attempted pimping case to a prison term of four years. Also in accordance with that agreement, the court indicated that, in light of Williams's admitted prior strike, it was required to order *consecutive* sentencing. Pursuant to Penal Code section 1170.1, subdivision (a)[2] (hereafter section 1170.1(a)), the court designated the four-year term in the attempted pimping case as the principal term, and the term to be imposed in the drug case as the subordinate term. As part of the negotiated plea bargain, the court recalculated the drug case sentence and sentenced him in that case to a consecutive term of one year four months, for an aggregate term of five years four months. This court later affirmed the judgment in the drug case.

In this second appeal, Williams contends the negotiated aggregate prison sentence of five years four months is illegal as a matter of law. Specifically,

---

[1] The court and the parties erroneously assumed that the suspended sentence in the drug case was four years, not five years.

[2] All further statutory references are to the Penal Code unless otherwise specified.

he contends the court erred in modifying his sentence in the drug case "in order to get to the aggregate term of 5 (five) years and 4 (four) months" in both cases pursuant to the plea bargain because the court lacked jurisdiction over the probation revocation matter in the drug case as (1) his appeal in that case was still pending, and (2) the 120-day time limit under section 1170, subdivision (d) (hereafter section 1170(d)) for recalling and modifying the four-year sentence in that case had expired. Williams also contends the aggregate sentence is illegal because the court "impos[ed] the wrong sentencing rules" by calculating his sentence under section 1170.1(a) rather than under section 1203.2a and section 1170.12, subdivision (a)(8) (hereafter section 1170.12(a)(8)). He maintains that section 1170.12(a)(8) mandated concurrent, not consecutive, sentencing as provided in section 1203.2a.

We conclude that (1) the court had jurisdiction to recalculate Williams's sentence in the drug case following revocation of his probation, (2) the section 1170(d) 120-day time limit is inapplicable, and (3) Williams's claim that the court applied the wrong sentencing rules must be dismissed because his claim challenges the negotiated sentencing terms of his plea agreement in the attempted pimping case and he failed to obtain the requisite certificate of probable cause in the trial court.

## FACTUAL BACKGROUND[3]

On the evening of July 6, 2005, Detective Rolito Cunanan of the San Diego Police Department vice unit was working street prostitution detail in the 3800 block of Swift Avenue. Detective Cunanan, who was working undercover, was driving an unmarked car and had an audio recording device to record potential encounters. At approximately 8:45 p.m., Williams approached Detective Cunanan, who was sitting in his unmarked car on University Avenue near a potential prostitute, and asked him what he was looking for. Detective Cunanan told Williams he was looking for a girl to perform an act of fellatio on him.

Williams asked the detective whether he liked the girl sitting at the bus stop. Detective Cunanan told Williams he did like the girl, and Williams said she was looking for a date. Williams also told Detective Cunanan he had three girls in an alley he could call for him and pointed toward an alley two

---

[3] The following factual background in the attempted pimping case is taken from this court's unpublished opinion in the prior appeal in this matter (*People v. Williams, supra,* D047544).

blocks away. Williams asked the detective whether he was going to "hook him up" (with payment) for getting him a girl, and Detective Cunanan told Williams that he would. Williams instructed the detective to drive to the alley and park across the street.

Detective Cunanan parked at the designated spot and watched Williams walk to a market across the street, but the detective did not see Williams talk to anyone. Williams met the detective at his car, told him he had a girl for him and again told him to move to a new location a block away. Detective Cunanan drove to the new meeting place and Williams introduced him to a Black female named Candy. Williams told the detective that Candy was "hot" and that she performed fellatio very well. Candy got into the front passenger seat of Detective Cunanan's car and Williams demanded payment of $20 for his services. After brief negotiations, Detective Cunanan paid $20 to Williams, who then walked away from the car and was arrested. Detective Cunanan's recording device recorded the audio portion of the entire transaction with Williams.

## PROCEDURAL BACKGROUND

### A. *Williams's Drug Case Sentence and Probation*

In May 2003 Williams pleaded guilty in the drug case to one felony count of selling cocaine base in violation of Health and Safety Code section 11352, subdivision (a), and admitted a robbery prior strike allegation (Pen. Code, §§ 667, subds. (b)–(i), 1170.12). At sentencing, the court dismissed the prior strike allegation, sentenced Williams to five years in state prison, stayed execution of that sentence, and placed him on formal probation for five years.

### B. *Attempted Pimping Case*

In July 2005, while Williams was on probation in the drug case, the San Diego County District Attorney filed a criminal complaint in this attempted pimping case, charging Williams with pimping (§ 266h, subd. (a)) and soliciting an act of prostitution (§ 647, subd. (b)). The complaint also alleged Williams had suffered a prior strike conviction (§§ 667, subds. (b)–(i), 1170.12) and one prison prior (§ 667.5, subd. (b)). The trial court summarily revoked Williams's probation and remanded him to the custody of the sheriff.

### C. *Drug Case Revocation of Probation and Sentencing*

On August 11, 2005, following an evidentiary hearing in the drug case that also served as the preliminary hearing in the attempted pimping case, the

court found probable cause to believe Williams had committed the offenses charged in the complaint (which the parties stipulated to deem an information) in the attempted pimping case, entered his not guilty plea, and formally revoked his probation in the drug case.

On September 16, 2005, the court sentenced Williams on the probation violation in the drug case. Specifically, the court lifted the stay of execution of the five-year prison sentence imposed in that matter, sentenced him to four years in state prison, remanded him to the custody of the sheriff pending conclusion of the attempted pimping case, and ordered him to be thereafter transported to state prison.

### D. Drug Case Appeal

On November 15, 2005, Williams appealed the judgment entered in the drug case. In that appeal (*People v. Williams, supra,* D047544), Williams maintained that the court (1) erred in denying his motion under *People v. Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44] to replace his court-appointed counsel, and (2) violated his right to due process by revoking his probation and sentencing him to state prison without allowing him to present allegedly exculpatory evidence in the form of a tape recording made by the police.

### E. Attempted Pimping Case Plea Agreement and Immediate Sentencing

On April 17, 2006, while his appeal was pending in the drug case, Williams pleaded guilty in the attempted pimping case to attempted pimping as a lesser included offense of the pimping count and admitted the robbery prior strike allegation. In accordance with the plea agreement, the court immediately sentenced Williams to a prison term of four years in the attempted pimping case, which was twice the midterm as a result of the prior strike. The court indicated that in light of Williams's admitted prior strike, it was required to order *consecutive* sentencing with respect to the term Williams was serving in the drug case following the revocation of his probation. The court designated the four-year term in the attempted pimping case as the principal term, and the term to be imposed in the drug case as the subordinate term.

*Recalculation of Drug Case Sentence As Subordinate Term*

Stating that subordinate terms are limited by law to one-third the midterm and that Williams's sentence in the drug case "must be recalculated," the court recalculated that sentence in accordance with the terms of the negotiated attempted pimping case plea agreement and modified Williams's four-year sentence in the drug case to a consecutive term of one year four months, for an aggregate term of five years four months.

### F. *Instant Appeal and the Court's Denial of a Certificate of Probable Cause*

In June 2006 Williams filed the instant appeal, which challenges the sentence imposed in both cases on April 17, 2006, following his guilty plea in this attempted pimping case and the revocation of his probation in the drug case. In his notice of appeal, Williams checked a box indicating that "[t]his appeal challenges the validity of the plea or admission."

In the form request for a certificate of probable cause attached to his notice of appeal, Williams wrote: "1) Defendant did not enter plea with full understanding of the nature of the charge and consequences of pleading guilty. [¶] 2) Coun[s]el failed to inform defendant about enhancements. Reasonable effective coun[s]el would have been alert to the applicability of enhancements and also informed the client. [¶] 3) There was no investigation for pre-trial sentencing information without which a rational, individualized decision cannot be made. In the instant case counsel told defendant that he had three months left on his probation violation, and told defendant that if he took the plea he would be out in 2007. This was not accurate!" The court denied Williams's request for a certificate of probable cause.

### G. *Disposition of Williams's Appeal in the Drug Case*

In August 2006 this court issued an unpublished opinion in the drug case appeal affirming the judgment. (*People v. Williams, supra*, D047544.) The remittitur issued on October 16, 2006.

## DISCUSSION

### I. *JURISDICTION*

Williams first contends the aggregate sentence of five years four months he received following his guilty plea in the attempted pimping case is illegal as a

matter of law because the court lacked jurisdiction to recalculate the four-year prison sentence in the drug case that the court imposed after it revoked his probation in that case. The court reduced that sentence pursuant to the plea bargain from four years to one year four months and ordered that Williams serve that reduced term consecutive to the four-year term imposed in the attempted pimping case. Williams maintains the court lacked jurisdiction over the drug case probation revocation matter because (1) his appeal in that case was still pending when the court recalculated the four-year sentence, and (2) the 120-day time limit under section 1170(d) for recalling and modifying that sentence had expired. We reject these contentions.

■ "As a general rule, '[t]he filing of a valid notice of appeal vests jurisdiction of the cause in the appellate court until determination of the appeal and issuance of the remittitur' [citation] and deprives the trial court of jurisdiction to make any order affecting the judgment [citation]." (*People v. Lockridge* (1993) 12 Cal.App.4th 1752, 1757 [16 Cal.Rptr.2d 340].)

■ However, "it is settled that an unauthorized sentence is subject to correction despite the circumstance that an appeal is pending." (*People v. Cunningham* (2001) 25 Cal.4th 926, 1044 [108 Cal.Rptr.2d 291, 25 P.3d 519] (*Cunningham*).) In *Cunningham*, a jury convicted the defendant of first degree murder and found true two special circumstances. (*Id.* at p. 957.) The jury also convicted the defendant of the attempted murder and attempted robbery of a second victim and of being a felon in possession of a firearm. (*Ibid.*) The court sentenced the defendant to death for the first degree murder with special circumstances. (*Ibid.*) Although under former section 1191 the defendant was entitled to the pronouncement of judgment within 28 days of the verdict, unless the proceedings were continued, the court sentenced him on the remaining counts about 10 months later during a hearing held at the prison where the defendant was housed. (*Cunningham, supra*, 25 Cal.4th at p. 1043.) On appeal, the defendant contended the trial court could not impose those sentences because he had filed a notice of appeal and thus the court had lost jurisdiction. (*Id.* at p. 1044.) Affirming the judgment, the California Supreme Court rejected that contention, stating that "[b]ecause the trial court was not authorized simply to waive sentencing on these counts, any error in failing to impose sentence in this regard would have been subject to judicial correction when it ultimately came to the attention of the trial court or this court. [Citations.]" (*Id.* at pp. 1044–1045.) As Williams acknowledges, the *Cunningham* trial court's failure to impose sentence in a timely manner on

the remaining counts amounted to an unauthorized sentence that was subject to correction despite the pendency of the defendant's appeal.

Since a court can correct an unauthorized sentence at any time (*Cunningham, supra,* 25 Cal.4th at pp. 1044–1045), it may also avoid one. Here, by promptly sentencing Williams pursuant to the negotiated plea bargain in the attempted pimping case, the court avoided what would have amounted to an unauthorized sentence. Once Williams pleaded guilty in the attempted pimping case on April 17, 2006, when his appeal in the drug case was still pending in this court, the trial court was statutorily obligated to sentence him within 20 days of that date. (§ 1191.)[4] The court could not postpone sentencing Williams in the attempted pimping case until his appeal of the judgment in the drug case was resolved. We note that Williams was already serving a prison term in the drug case, and he requested immediate sentencing when he pleaded guilty in the attempted pimping case.

 When Williams pleaded guilty in the attempted pimping case, the court was obligated under sections 1191 (discussed, *ante*) and 1170.1(a)[5] to promptly recalculate Williams's sentence in the drug case and aggregate the prison term to be imposed in the attempted pimping case with the recalculated prison term in the drug case, despite the pendency of Williams's appeal in the drug case. In *People v. Bozeman* (1984) 152 Cal.App.3d 504, 507 [199 Cal.Rptr. 343], this court explained that "[a]s a general rule, a sentence lawfully imposed may not be modified once a defendant is committed and execution of his sentence has begun. [Citations.]" We also explained, however, that section 1170.1(a) "represents a statutory exception to the general rule . . . ." (*Bozeman, supra,* 152 Cal.App.3d at p. 507.)

---

[4] With exceptions not applicable here, section 1191 now provides in part: "*In a felony case, after a plea,* finding, or verdict of guilty, or after a finding or verdict against the defendant on a plea of a former conviction or acquittal, or once in jeopardy, *the court shall appoint a time for pronouncing judgment, which shall be within 20 judicial days after the* verdict, finding, or *plea of guilty* . . . ." (Italics added.)

[5] Section 1170.1(a) provides: "Except as otherwise provided by law, and subject to Section 654, when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements for prior convictions, prior prison terms, and Section 12022.1. The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any term imposed for applicable specific enhancements. The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of the term imposed for any specific enhancements applicable to those subordinate offenses."

*Bozeman* is illustrative. There, the defendant was sentenced in one case to the three-year upper term for second degree burglary, plus a one-year enhancement term, for a total prison term of four years. (*People v. Bozeman, supra,* 152 Cal.App.3d at p. 506.) In a second case, the defendant pleaded guilty to various offenses and, as part of his plea bargain, negotiated a six year eight month cap on the combined sentence for both cases. (*Ibid.*) The defendant received a four year eight month sentence in the second case. (*Ibid.*) To comply with the plea bargain in that case, the trial court reduced the four-year sentence originally imposed in the first case to one year eight months, for a total combined sentence of six years four months in the two cases. (*Ibid.*) The court reduced the original four-year sentence in the first case by changing the three-year upper term for second degree burglary to an eight-month one-third middle term and resentenced the defendant to serve that reduced term *consecutively* to the sentence imposed in the second case. (*Ibid.*) On appeal, the issue presented in *Bozeman* was whether the combined sentence for both cases imposed in the second case was authorized by the Penal Code. (*Bozeman, supra,* 152 Cal.App.3d at p. 506.) The Court of Appeal held that the trial court in the second case acted properly under section 1170.1(a). (*Bozeman, supra,* at p. 507.)

Similarly here, pursuant to the plea bargain in the attempted pimping case, the court sentenced Williams to a four-year term for his offense in that case, reduced his four-year sentence in the drug case to one year four months, and ordered him to serve the latter term consecutively to the four-year term imposed in the attempted pimping case. We conclude the court acted within its lawful jurisdiction, notwithstanding the pendency of Williams's appeal in the drug case.

Williams's reliance on the 120-day time limit for recalling a sentence set forth in section 1170(d) is unavailing. Williams maintains that when the court sentenced him on April 17, 2006, pursuant to the plea bargain in the attempted pimping case, it lacked jurisdiction over the probation revocation matter in the drug case, and thus could not recalculate or modify his four-year sentence in that case because of the passage of more than 120 days from the September 16, 2005 date when the court lifted the stay of execution of the four-year sentence in the drug case and remanded him to the custody of the sheriff.

In *People v. Lockridge, supra,* 12 Cal.App.4th at page 1757, this court explained that section 1170(d)[6] "confers upon the trial court broad authority

---

[6] Section 1170(d) provides in part: "When a defendant subject to this section or subdivision (b) of Section 1168 has been sentenced to be imprisoned in the state prison and has been committed to the custody of the Secretary of the Department of Corrections and Rehabilitation, the court may, *within 120 days of the date of commitment on its own motion,* or *at any time*

to 'recall a sentence *on its own motion* for any reason rationally related to lawful sentencing [and] then impose any otherwise lawful resentence suggested by the facts available at the time of resentencing.' [Citation.] However, the 120-day period specified in section 1170[(d)] is jurisdictional; the court must recall the sentence within the prescribed period. [Citations.]" (Italics added.) Thus, when the sentencing court recalls a sentence *on its own motion*, it must do so within 120 days of the date of the defendant's commitment, but it may recall the sentence *at any time* on the recommendation of the Secretary of the California Department of Corrections and Rehabilitation or the Board of Parole Hearings. (§ 1170(d); see fn. 6, *ante*; see also 3 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Punishment, § 315, p. 408.) Section 1170(d) provides an exception to the general rule that the filing of a valid notice of appeal vests jurisdiction of the cause in the appellate court until determination of the appeal and issuance of the remittitur, and deprives the trial court of jurisdiction to make any order affecting the judgment. (*People v. Lockridge, supra*, 12 Cal.App.4th at p. 1757.)

■ Here, in recalculating Williams's sentence in the drug case to effectuate the terms of the plea bargain in the attempted pimping case, the court was not acting "on its own motion" within the meaning of section 1170(d), and thus was not deprived of jurisdiction under that statute. The court was acting pursuant to both the terms of Williams's own plea bargain and the provisions of another statute, section 1170.1(a), thereby rendering inapplicable the section 1170(d) 120-day jurisdictional time limit.

## II. *SENTENCING/CERTIFICATE OF PROBABLE CAUSE*

Williams also contends the court "impos[ed] the wrong sentencing rules" by calculating his sentence under section 1170.1(a), rather than under section 1203.2a and section 1170.12(a)(8). Specifically, he maintains that section 1170.12(a)(8) mandated concurrent, not consecutive, sentencing as provided in section 1203.2a. For reasons we shall explain, Williams's claim of sentencing error must be dismissed because he failed to obtain a certificate of probable cause in the trial court.

### A. *Applicable Legal Principles*

■ The California Supreme Court has explained that a defendant generally may not bring an appeal from a judgment of conviction entered on a

upon the recommendation of the secretary or the Board of Parole Hearings, *recall the sentence* and commitment *previously ordered and resentence the defendant* in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." (Italics added.)

guilty plea "except on grounds going to the legality of the proceedings, including the validity of plea. [Citations.]" (*People v. Mendez* (1999) 19 Cal.4th 1084, 1094 [81 Cal.Rptr.2d 301, 969 P.2d 146] (*Mendez*).) In order to challenge the validity of a guilty plea, the defendant must obtain a certificate of probable cause from the superior court based on a statement showing "reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings." (§ 1237.5, subd. (a); see Cal. Rules of Court,[7] rule 8.304(b)(1); *People v. Panizzon* (1996) 13 Cal.4th 68, 74 [51 Cal.Rptr.2d 851, 913 P.2d 1061].) The purpose of the certificate requirement is " 'to promote judicial economy' [citation] 'by screening out wholly frivolous guilty . . . plea appeals before time and money are spent' on such matters as the preparation of the record on appeal [citation], the appointment of appellate counsel [citation], and, of course, consideration and decision of the appeal itself." (*Mendez, supra*, 19 Cal.4th at p. 1095.)

■ The certificate of probable cause requirement is confined to "certificate" issues. (*Mendez, supra*, 19 Cal.4th at p. 1088.) Certificate issues encompass matters that attack the validity of the plea, and generally do not include matters occurring after entry of the plea such as a determination of the degree of the crime or the penalty to be imposed. (*Id.* at p. 1088 [certificate issues are "questions going to the legality of the proceedings, including the validity of [a defendant's] plea"]; *People v. Buttram* (2003) 30 Cal.4th 773, 780 [134 Cal.Rptr.2d 571, 69 P.3d 420].)

In contrast, "noncertificate" issues, which do not require a certificate of probable cause, include postplea matters that do not challenge the validity of the plea, including attacks on the trial court's *discretionary* sentencing choices left open by the plea agreement. (Rule 8.304(b)(4); *Mendez, supra*, 19 Cal.4th at p. 1088; *People v. Buttram, supra*, 30 Cal.4th at pp. 777, 790–791 [absent contrary provisions in the plea agreement, no certificate required to challenge court's discretionary selection of particular sentence within agreed-upon range].)

### B. *Analysis*

Williams's failure to obtain a certificate of probable cause is fatal to his contention that the court committed sentencing error by applying the wrong sentencing rules. Williams challenges the court's recalculation of his original four-year sentence in the drug case and its decision to resentence him in that matter under section 1170.1(a) to a consecutive term of one year four months.

---

[7] All further rule references are to the California Rules of Court.

However, that sentence recalculation and the new one-year four-month consecutive sentence were negotiated terms of the plea bargain in the attempted pimping case. The reporter's transcript of the April 17, 2006 hearing, at which Williams pleaded guilty and stipulated to immediate sentencing, shows that the following exchange took place between the court and Williams, who acknowledged his understanding that, under the plea bargain, the court would recalculate his sentence in the drug case and impose a new one-year four-month consecutive sentence in that case in addition to the four-year prison term he would receive for his conviction in the attempted pimping case:

"[THE COURT]: I see that there is an agreement that has been reached on your matter. You are going to be pleading to a lesser-included offense, an attempt, on the charge of Count [1]. You are going to admit to the truth of the strike allegation. That is going to result in a four-year prison sentence. The situation is one where I will then give you the four years. *I will be recalculating your sentence on the state prison commit that you previously received, so that that will be a consecutive sentence, and that consecutive sentence then will be recalculated to one-third of the mid term, which I believe is [16] months*, then, consecutive to this. So that *your entire sentence on this entire case would then be the term of five years and four months.* [¶] . . . [T]he bottom line is you're going to get four years on this new case, and [16] *months consecutive on the dope case, for a total of five years four months*. Everything else will then be dismissed. [¶] *Is that your understanding of the agreement*, sir?

"[WILLIAMS]: *Yes*, sir." (Italics added.)

The record also shows that, in his notice of appeal, Williams checked boxes indicating that "[t]his appeal is based on the sentence or other matters occurring after the plea," and "[t]his appeal challenges the validity of the plea or admission."

Because Williams's sentencing error claim challenges both the validity of his plea and the specific negotiated sentencing terms of his plea bargain rather than sentencing choices left to the discretion of the court, his claim raises "certificate" issues for which he was required to obtain a certificate of probable cause. (*Mendez, supra*, 19 Cal.4th at p. 1088.) As a result of his failure to do so, his claim must be dismissed.

## DISPOSITION

Williams's claim on appeal that the court imposed the wrong sentencing rules is dismissed. The judgment is affirmed.

McDonald, J., and McIntyre, J., concurred.