[No. F052604. Fifth Dist. Apr. 8, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
ADRIAN NAVARRO, Defendant and Appellant.

## COUNSEL

J. Peter Axelrod, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Lloyd G. Carter and Louis M. Vasquez, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GOMES, J.**—A six-count complaint charged appellant Adrian Navarro with, inter alia, five felonies—attempted willful, deliberate, and premeditated murder, malicious and willful discharge of a firearm at an inhabited dwelling house, possession of cocaine base for sale, possession of a short-barrel shotgun, and assault with a firearm—together with, inter alia, personal and intentional discharge of a firearm, personal firearm use, and criminal street gang allegations. (Pen. Code, §§ 186.22, subd. (b)(1), 187, subd. (a), 246, 664, subd. (a), 12020, subd. (a)(1), 12022.5, subd. (a), 12022.53, subds. (b), (c);

Health & Saf. Code, § 11351.5.)[1] In a negotiated agreement at entry of plea proceedings, he pled no contest to assault with a firearm, to a criminal street gang allegation (which the court stated carried a five-year term), and to a personal firearm use allegation in return for dismissal of all other charges and allegations. The court imposed an aggregate 17-year term—a three-year middle term on the assault with a firearm, a 10-year term on the criminal street gang allegation, and a four-year middle term on the personal firearm use enhancement. (§§ 186.22, subd. (b)(1)(C), 245, subd. (a)(2), 12022.5, subd. (a).)

On appeal, Navarro argues that the court committed an error of law and an abuse of discretion by imposing a 10-year term, rather than a five-year term, on the criminal street gang enhancement. The Attorney General notes the court informed him at the probation and sentencing hearing that a 10-year term was mandatory and offered him the opportunity to withdraw his plea but he accepted the negotiated agreement again and declined to withdraw his plea. On that basis, the Attorney General argues, preliminarily, that he forfeited his right to appellate review by failing to secure a certificate of probable cause and, on the merits, that a 10-year term was mandatory. We will dismiss the appeal for failure to secure a certificate of probable cause and will not address the merits of Navarro's arguments.

## FACTUAL BACKGROUND

The parties stipulated to the factual basis of Navarro's no contest pleas. First, "That on June 28th, 2006, here in the County of Kings, the defendants . . . ,[2] who were associating with the Sureño gang in the city of Corcoran, were involved in a confrontation wherein gang slurs were exchanged and in the early morning hours approached the victims to retaliate and a sawed off shotgun was used—a shotgun was used and fired toward the victim Perez in this case. It appears he was not hit, however, it hit very near to his location." Second, "During the altercation there were gang slurs used and that they were active participants in the gang, and that this crime was associated with and promoted and benefited the Sureño street gang out of Corcoran."

## PROCEDURAL BACKGROUND

At entry of plea proceedings, Navarro pled no contest to "245(a)(2)" (assault with a firearm), which the court informed him carried a term of "two

---

[1] All references to statutes are to sections in effect at the time of the commission of the offense here. All later references to statutes are to the Penal Code. Except as noted to the contrary, all references to rules are to California Rules of Court in effect at the time of the notice of appeal here.

[2] Navarro and a codefendant entered identical pleas to identical charges.

years, three years, or four years"; to "186.22(b)(1)" (criminal street gang allegation), which the court informed him carried a term of "five years"; and to "12022.5" (personal firearm use allegation), which the court informed him carried a term of "three, four, or ten years." Later, on the premise that assault with a firearm is "a violent felony per 667.5(c)(8)," the probation officer's report stated that Navarro was subject to a term of 10 years on the criminal street gang enhancement.

Navarro's attorney filed points and authorities arguing the applicable criminal street gang enhancement statute was "186.22(b)(1)(B)," which imposes a term of five years on serious felonies, not "186.22(b)(1)(C)," which imposes a term of 10 years on violent felonies. Her rationale was that the law defines a serious felony as, inter alia, "any felony in which the defendant personally *uses a firearm*" (§ 1192.7, subd. (c)(8), italics added) and a violent felony as, inter alia, "any felony in which the defendant *uses a firearm which use has been charged and proved* as provided in Section 12022.5 or 12022.55" (§ 667.5, former subd. (c)(8), italics added) and that he pled no contest to the criminal street gang allegation, which the prosecution never *proved.*

At the probation and sentencing hearing, the court agreed with the probation officer, not with Navarro's attorney, and offered him the opportunity to withdraw his plea, but he chose not to:

"THE COURT: All right. We discussed in chambers the issue with reference to the advisement that was based upon counsel's assessment of the term in this case, the 245(a)[(2)], assault with a firearm, which is Count 6, is a violent felony within the meaning of 667.5(c)(8) and therefore is punishable by ten years not five years. It's not a serious offense but a violent offense.

"The Court has—well, the Court would allow the defendant to withdraw the plea if he chooses to do so based upon the faulty advisement of rights that was given to the defendant with reference to that term, it being a ten-year violent offense, not a five-year serious offense under 186.22(b)(1)[(B)] versus 186.22(b)(1)(C).

"You want to be heard, [Navarro's attorney]?

"[NAVARRO'S ATTORNEY]: Yes, your Honor. We are waiving the advisement and we are going to be pleading as previously reflected but our position is to—

"THE COURT: Excuse me, so your client does not want to withdraw his plea?

"[NAVARRO'S ATTORNEY]: No."

Instead, Navarro's attorney argued that the Legislature "intended to create a distinction between the situation in which a personal use of a firearm is proven beyond a reasonable doubt before a jury and a situation in which personal use of a firearm was pleaded to." "If the use of the firearm is proven beyond a reasonable doubt before a jury trial," she elaborated, "that's where the violent felony statute comes in to play and turns it in to a ten-year enhancement."

"So you are saying that you cannot plea to a violent, you could only plea to a serious otherwise you have to go to jury trial?," the court inquired. "Yes," Navarro's attorney replied. "And so our position is that 186.22(b)(1)(B) applies because this was a plea and not a jury verdict and that the five-year enhancement would apply," she opined. Rejecting the defense interpretation of the law, the court imposed a term of, in the words of the reporter's transcript, "ten years for the 186.22(e)(1), a violent felony per 186.22(b)(1)(C) and 667.5(c)(8)."[3]

## DISCUSSION

Preliminarily, we turn to the certificate of probable cause issue. Section 1237.5 states the general rule: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court." Congruently, rule 8.304(b)(1) states: "Except as provided in (4), to appeal from a superior court judgment after a plea of guilty or nolo contendere or after an admission of probation violation, the defendant must file in that superior court—with the notice of appeal required by (a)—the statement required by Penal Code section 1237.5 for issuance of a certificate of probable cause."

In its entirety, the notice of appeal Navarro filed on March 28, 2007, reads, "Defendant, Adrian Navarro, hereby gives notice of appeal from the judgment

---

[3] The minute order of the probation and sentencing hearing and the abstract of judgment both incorrectly cite the applicable statute as "186.22(b)(4)," a portion of the criminal street gang statute that applies only to enumerated offenses not including assault with a firearm. Additionally, the abstract of judgment incorrectly cites the firearm use enhancement as "12022.53(c)," which carries a 20-year term, not as section 12022.5, subdivision (a), which carries a four-year midterm. We will remand for correction of the abstract of judgment.

of the superior court in the above-entitled cause which was entered on March 1, 2007." The notice is silent about grounds, if any, arising after entry of the plea that do not affect the validity of the plea. (See rule 8.304(b)(4) [successor to former rule 30(b)(4), second paragraph].) No certificate of probable cause is in the record.

The issue in *People v. Williams* (2007) 156 Cal.App.4th 898 [67 Cal.Rptr.3d 516] (*Williams*) was whether, by "calculating [the appellant's] sentence under section 1170.1(a), rather than under section 1203.2a and section 1170.12(a)(8)," the court applied " 'the wrong sentencing rules.' " (*Id.* at p. 909.) Here, the analogous issue is whether, by characterizing assault with a firearm as a violent felony under section 667.5, subdivision (c)(8), rather than as a serious felony under section 1192.7, subdivision (c)(8), the court applied the wrong sentencing rules in calculating Navarro's criminal street gang enhancement.

In *Williams,* the imposed sentence was identical to the one to which the appellant agreed in his plea bargain, yet on appeal he challenged "specific negotiated sentencing terms of his plea bargain," and the Court of Appeal dismissed the appeal for failure to obtain a certificate of probable cause. (*Williams, supra,* 156 Cal.App.4th at pp. 909–911.) Here, although the imposed sentence was identical to the one the court characterized at the probation and sentencing hearing as mandatory, Navarro's attorney proceeded by "waiving the advisement," by "pleading as previously reflected," and by answering, "No," to the court's question whether he wanted to withdraw his plea.

Our Supreme Court requires that section 1237.5 and former rule 31(d), first paragraph (predecessor to rule 8.304(b)(1)), "be applied in a strict manner." (*People v. Mendez* (1999) 19 Cal.4th 1084, 1098 [81 Cal.Rptr.2d 301, 969 P.2d 146] (*Mendez*).) Since "defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process" (*People v. Hester* (2000) 22 Cal.4th 290, 295 [92 Cal.Rptr.2d 641, 992 P.2d 569]), we will dismiss Navarro's appeal for failure to secure a certificate of probable cause and will "not proceed to the merits of the appeal" (*Mendez, supra,* 19 Cal.4th at p. 1099).

## DISPOSITION

The appeal is dismissed. The matter is remanded with directions to issue, and to send to every appropriate person a certified copy of, an amended abstract of judgment (1) substituting as authority for the 10-year criminal street gang enhancement a reference to section 186.22, subdivision (b)(1)(C)

for the reference to section 186.22, subdivision (b)(4); and (2) substituting as authority for the four-year personal firearm use enhancement a reference to section 12022.5, subdivision (a) for the reference to section 12022.53, subdivision (c). (See *People v. Mitchell* (2001) 26 Cal.4th 181, 187–188 [109 Cal.Rptr.2d 303, 26 P.3d 1040].) Navarro has no right to be present at those proceedings. (See *People v. Price* (1991) 1 Cal.4th 324, 407–408 [3 Cal.Rptr.2d 106, 821 P.2d 610].)

Vartabedian, Acting P. J., and Cornell, J., concurred.

A petition for a rehearing was denied April 17, 2008, and appellant's petition for review by the Supreme Court was denied July 9, 2008, S163458.