Filed 3/2/15  P. v. Burts CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B255007 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA028308) |
| v. | |
| TONY DARNELL BURTS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Tomson T. Ong, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant Tony Darnell Burts was convicted by a jury of second degree robbery with personal use of a knife. After finding that he had two prior convictions within the meaning of the Three Strikes law, the trial court imposed a sentence of 35 years to life. We affirmed the judgment in a prior appeal in 1997. (*People v. Burts* (Sept. 11, 1997, B107249) [nonpub. opn.].)

In 2013, defendant filed the present petition to recall and modify his sentence under Penal Code section 1170, subdivision (d).[1] His sole argument was that "[t]he trial court found petitioner suffered multiple prior convictions which were plea bargains." In November 2013, the trial court denied the petition, stating that "defendant has failed to show good cause why the sentence should be modified." This appeal followed.[2]

In the opening brief, defendant's appointed counsel requested this court to independently review the record pursuant to the holding of *People v. Wende* (1979) 25 Cal.3d 436, 441. On July 18, 2014, we directed counsel to send the record on appeal and a copy of the opening brief to defendant. Also on that date, we notified defendant that he had 30 days within which to personally submit any contentions or issues that he wished us to consider. After receiving two extensions of time in which to file a supplemental brief, defendant did not file any additional materials. The case was deemed to be fully briefed.

Under section 1170, subdivision (d),[3] the superior court's power to recall and impose a new and different sentence *on its own motion* expires 120 days after sentence is

---

[1] All further statutory references are to the Penal Code.

[2] Defendant did not file a timely notice of appeal. However, we granted his petition for relief from default, and the appeal was deemed to be timely filed.

[3] Subdivision (d)(1) provides: "When a defendant subject to this section or subdivision (b) of Section 1168 has been sentenced to be imprisoned in the state prison and has been committed to the custody of the secretary, the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary or the Board of Parole Hearings, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had

2

imposed.  (*People v. Williams* (2007) 156 Cal.App.4th 898, 908–909.)  In addition, the court "may recall the sentence *at any time* on the recommendation of the Secretary of the Califiornia Department of Corrections and Rehabilitation or the Board of Parole Hearings.  [Citations.]"  (*Ibid.*)  Neither situation applies in this case.

Upon examining the record, we conclude the petition to recall the sentence under section 1170, subdivision (d) was properly denied.  We are satisfied that defense counsel has fully complied with his responsibilities and that no arguable appellate issue exists.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EPSTEIN, P. J.

We concur:

WILLHITE, J.

COLLINS, J.

---

not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence.  The court resentencing under this subdivision shall apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing.  Credit shall be given for time served."