Filed 9/14/15  P. v. Sanders CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PHILLIP EUGENE SANDERS,<br><br>Defendant and Appellant. | F068105<br><br>(Super. Ct. No. F10904103)<br><br>**ORDER MODIFYING OPINION AND DENYING REHEARING** |

**THE COURT:**

It is ordered that the opinion filed herein on August 21, 2015, be modified in the following particulars:

1. At the end of the paragraph at the top of page 6, after the sentence ending "appellate courts insist on compliance with its procedures."].)," the following sentences are added:

    Likewise, rule 8.304(b)(4), which implements the provisions of exceptions to section 1237.5, "should be applied in a strict manner." (*Mendez*, *supra*, at p. 1098; see *ante*, fn. 3.)

2. On page 6, after the second sentence (the parenthetical citation to *Mendez*) of the first full paragraph, the following sentence is inserted:

    Defendant does not raise either of the exceptions specified under rule 8.304(b)(4).

3. On page 6, the now fourth sentence of the first full paragraph, the word "Defendant" is replaced with "Instead, he" so that the sentence reads:

> Instead, he asserts *Mendez* does not require a certificate of probable cause in his matter because the trial court in *Mendez* "conducted a hearing and reinstated criminal proceedings after finding … Mendez had regained competence" and because his issue is "not frivolous" and "requires … relief on appeal."

4. On page 6, the first sentence of the second full paragraph, the word "challenged" is changed to "asserted"; the word "court's" is changed to "court"; and the word "failure" is changed to "failed" so that the sentence reads:

> The defendant in *Mendez* asserted the trial court failed to conduct a competency hearing.

5. On page 6, the last sentence of the second full paragraph, the bracketed text "[renumbered rule 8.304]" is inserted between the words "paragraph" and "should" so that the sentence reads:

> The Supreme Court did not qualify its holding that "section 1237.5 and [former] rule 31(d), first paragraph [renumbered rule 8.304], should be applied in a strict manner" (*id.* at p. 1098), by exempting challenges deemed not to be frivolous.

There is no change in judgment.

Appellant's petition for rehearing is denied.

                                      _____

                                              DETJEN, J.

WE CONCUR:

_____
GOMES, Acting P.J.

_____
FRANSON, J.

Filed 8/21/15  P. v. Sanders CA5 (unmodified version)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PHILLIP EUGENE SANDERS,<br><br>Defendant and Appellant. | F068105<br><br>(Super. Ct. No. F10904103)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Jon N. Kapetan and Alan M. Simpson, Judges.[†]

Gregory L. Cannon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Sally Espinoza, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[†]     Judge Kapetan presided on April 17, 2012; Judge Simpson presided over all other hearings pertinent to this appeal.

This is an appeal from a judgment of conviction of the Superior Court of Fresno County following a plea of nolo contendere. Defendant Phillip Eugene Sanders contends (1) the superior court lacked jurisdiction to accept his plea because criminal proceedings had been suspended pursuant to Penal Code section 1368, subdivision (c)[1] and (2) a clerical error in an April 17, 2012, minute order must be corrected. We conclude defendant's failure to obtain a certificate of probable cause forecloses appellate review of his claim regarding the validity of his plea, but agree the contested minute order must be corrected.

## BACKGROUND

On August 16, 2010, defendant pled not guilty to possessing a controlled substance (Health & Saf. Code, § 11350, subd. (a); count 1) and driving with a suspended license (Veh. Code, § 14601.1, subd. (a); count 2). On November 15, 2011, Curtis Sok, assigned defense counsel, informed the court he was being sued by defendant for legal malpractice. Sok raised a doubt as to defendant's competency to stand trial. Pursuant to section 1368, the superior court suspended criminal proceedings and appointed Dr. Harold Seymour, a licensed psychologist, to conduct an evaluation.

Seymour examined defendant in the jail on March 23, 2012. Seymour observed, inter alia, "untreated psychiatric symptoms … currently rendering [defendant] unable to effectively assist [Sok] in preparing and presenting a defense." Seymour diagnosed "Bipolar II Disorder, Hypomanic phase" and opined:

> "During the hypomanic phase of Bipolar II Disorder, individuals present with high energy associated with goal directed behavior, marked imperturbability, and they may experience grandiosity and paranoia. [Defendant] appears to be in such a phase presently. By his own description he does have periods of marked depression, which are characterized by low energy and excessive sleeping. It is not unusual to see sufferers respond to the depression by turning to psychostimulants.

---

[1] Unless otherwise indicated, subsequent statutory citations refer to the Penal Code.

2.

"Individuals with hypomania have been shown to enter into phases of almost endless litigation, continually adding layers to their perception of conspiracy. As [defendant] appears in such a phase, he will not be able to be a competent defendant until such time as he is stabilized on appropriate psychotropic medication. If he would cooperate with outpatient treatment, he could be restored to competency within a couple of months after the start of treatment."

Defendant failed to appear at an April 17, 2012, hearing, during which the superior court acknowledged Seymour's findings and issued a bench warrant. The court did not pronounce the reinstatement of criminal proceedings. However, the April 17, 2012, minute order reads: "Criminal Proceedings Reinstated." At a September 7, 2012, hearing, which defendant attended alongside Sok, the court recalled the bench warrant, continued the suspension of criminal proceedings "pending a [section] 1368 hearing," and appointed Seymour to conduct another evaluation.

On September 25, 2012, Seymour again examined defendant in the jail and diagnosed bipolar II disorder. He opined:

"The imperturbability displayed by [defendant] is a hallmark of Bipolar II disorder. In order for him to be able to competently work with [Sok], he would have to be under the care of a psychiatrist, receiving appropriate psychotropic medication. But he is not going to receive such care in the jail.

"On the other hand, if [defendant] has secured legal counsel from outside the county and county contracting law firms, he may well be able to work to competently assist this new outside counsel. [Defendant's] central belief is that all county connected law firms will not represent his interests because he is in the process of suing local government agencies and their employees.

"… If [defendant's] legal counsel remains unchanged, he would not be able to competently assist this attorney, even though he understands th[e] nature of the charges against him and … criminal trial proceedings. If, however, he does actually have a new and independent attorney, I would respectfully recommend that the Court consider [defendant] to be competent to stand trial." (Boldface & underscoring omitted.)

3.

Defendant failed to appear at an October 12, 2012, hearing, during which the superior court acknowledged Seymour's updated findings and issued a bench warrant. At a July 19, 2013, hearing, which defendant attended alongside attorney Mark Siegel,[2] the court continued the matter to July 22, 2013.

At the July 22, 2013, hearing, defendant—accompanied by Daljit Rakkar, his new attorney of record—changed his plea to nolo contendere as to count 1 and waived both deferred entry of judgment and Proposition 36. In exchange, the prosecutor dismissed count 2 and stipulated to formal probation. Defendant was placed on formal probation for one year. The court discussed the recommencement of criminal proceedings:

> "At one point, criminal proceedings were suspended, and then [defendant] failed to appear.… [I]f criminal proceedings had not been formally re-instated, they are today, nunc pro tunc back to just before he entered his plea."

Defendant filed a timely notice of appeal. He requested a certificate of probable cause on September 10, 2013, and September 18, 2013, respectively. On both occasions, the superior court denied the request.

## DISCUSSION

I. **Defendant's failure to obtain a certificate of probable cause forecloses appellate review of his challenge to the validity of his nolo contendere plea.**

"A defendant who has ple[d] guilty or nolo contendere to a charge in the superior court, and who seeks to take an appeal from a judgment of conviction entered thereon, may not obtain review of so-called 'certificate' issues, that is, questions going to the legality of the proceedings, including the validity of his plea, unless he has complied with section 1237.5 …." (*People v. Mendez* (1999) 19 Cal.4th 1084, 1088 (*Mendez*).) This statute reads:

---

[2] Siegel indicated defendant was in the process of retaining attorney Rakkar. Siegel made a special appearance on the case at the request of that attorney's office.

"No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere … except where both of the following are met:  [¶]  (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings.  [¶]  (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court." (§ 1237.5; accord, *Mendez*, *supra*, at p. 1088, fn. 1.)[3]

The purpose of section 1237.5 is "to remedy the unnecessary expenditure of judicial resources by preventing the prosecution of frivolous appeals challenging convictions on a plea of guilty [or nolo contendere]."  (*People v. Hoffard* (1995) 10 Cal.4th 1170, 1179.)  To that end, the provision sets forth a "'condition precedent' to the taking of an appeal within its scope.  [Citation.]"  (*Mendez*, *supra*, 19 Cal.4th at p. 1098; accord, *People v. Earls* (1992) 10 Cal.App.4th 184, 190.)  "It is a general 'legislative command' to defendants" (*Mendez*, *supra*, at p. 1098), "not an authorization for 'ad hoc dispensations' from such a command by courts" (*ibid.*).  Thus, if a defendant does not *strictly* comply with section 1237.5, he cannot obtain review of certificate issues. (*Mendez*, *supra*, at pp. 1098-1099; see *People v. Williams* (2007) 156 Cal.App.4th 898, 910 ["[A defendant]'s failure to obtain a certificate of probable cause is fatal to his contention …."]; see also *People v. Panizzon* (1996) 13 Cal.4th 68, 89, fn. 15 (*Panizzon*) ["It has not escaped our attention that some appellate courts have proceeded to address the merits of a defendant's appeal following a guilty or nolo contendere plea despite the defendant's failure to strictly comply with section 1237.5 ….  We agree … with those other appellate courts that condemn such practice as frustrating the very purpose of

---

[3]      "The defendant need not comply with [section 1237.5] if the notice of appeal states that the appeal is based on:  [¶]  (A) [t]he denial of a motion to suppress evidence under … section 1538.5; or  [¶]  (B) [g]rounds that arose after entry of the plea and do not affect the plea's validity."  (Cal. Rules of Court, rule 8.304(b)(4) [all further references to rules are to the California Rules of Court]; accord, *Mendez*, *supra*, 19 Cal.4th at p. 1088 ["noncertificate" issues].)

section 1237.5 to discourage frivolous appeals…. [T]he purposes behind section 1237.5 will remain vital only if appellate courts insist on compliance with its procedures."].)

Issues relating to mental competence are "certificate issues" or, challenges "going to … the validity of … [a] plea. (*Mendez*, *supra*, 19 Cal.4th at p. 1100.) Defendant asserts *Mendez* does not require a certificate of probable cause in his matter because the trial court in *Mendez* "conducted a hearing and reinstated criminal proceedings after finding … Mendez had regained competence" and because his issue is "not frivolous" and "requires … relief on appeal."

The defendant in *Mendez* challenged the trial court's failure to conduct a competency hearing. (*Mendez*, *supra*, 19 Cal.4th at p. 1091.) The Supreme Court did not qualify its holding that "section 1237.5 and [former] rule 31(d), first paragraph, should be applied in a strict manner" (*id*. at p. 1098), by exempting challenges deemed not to be frivolous.

> "After careful consideration, and in confirmation of our most recent decisions on point [citations], and in the face of words and actions on the part of the Courts of Appeal inconsistent therewith [citations], we believe that section 1237.5 and [former] rule 31(d), first paragraph, should be applied in a strict manner. In enacting section 1237.5, the Legislature evidently sought to promote judicial economy in the appellate system as a whole, for it established a mechanism that did not invite consideration of the peculiar facts of the individual appeal. The provision lays down a 'condition precedent' to the taking of an appeal within its scope. [Citation.] It is a general 'legislative command' to defendants. [Citation.] It is not an authorization for 'ad hoc dispensations' from such a command by courts. [Citation.] Indeed, it effectively precludes dispensations of this sort, which are 'squarely contrary' to its terms [citations].…" (*Ibid*.)

Accordingly, a certificate of probable cause was required, defendant failed to procure one, and we, therefore, do not address the merits of his claim. (*Mendez*, *supra*, 19 Cal.4th at p. 1099.)[4]

**II.     The April 17, 2012, minute order did not accurately reflect the superior court's pronouncement and must be amended accordingly.**

At the April 17, 2012, hearing, the court did not pronounce the recommencement of criminal proceedings. On the other hand, the April 17, 2012, minute order reads: "Criminal Proceedings Reinstated." "Where there is a discrepancy between the [superior court's] oral pronouncement … and the minute order …, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) The minutes must accurately reflect what occurred at the hearing. (*Id.* at pp. 386, 388-389; see *People v. Mitchell* (2001) 26 Cal.4th 181, 185 ["'It is not open to question that a court has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts.'"].)

---

[4]     In his notice of appeal, defendant claimed (1) Rakkar provided ineffective assistance; (2) he "was coerced into the plea by [Rakkar] and[/]or [Rakkar] improperly pressured [him] to plead no contest"; (3) he "wasn't aware of all the consequences of the plea"; and (4) Rakkar "didn't present enough mitigating circumstances to obtain … less probation punishment and[/]or reduce felony to misdemeanor with new case law." Defendant did not raise these issues in his briefs. This court's opinion addresses the issues that were briefed. (*People v. Dias* (1997) 52 Cal.App.4th 46, 48, fn. 2.) If the issues listed in defendant's notice of appeal had been raised in his briefs, however, our holding would not change. A certificate of probable cause is required when defendant asserts his plea resulted from ineffective assistance of counsel (*People v. Stubbs* (1998) 61 Cal.App.4th 243, 244-245), his plea "was induced by misrepresentations of a fundamental nature" (*Panizzon*, *supra*, 13 Cal.4th at p. 76), "warnings regarding the effect of a guilty [or nolo contendere] plea … were inadequate" (*ibid.*), and to the extent he questions "'the very sentence he negotiated as part of the plea bargain'" (*People v. Cuevas* (2008) 44 Cal.4th 374, 382).

7.

## **DISPOSITION**

The appeal is dismissed as to the issue of the validity of defendant's nolo contendere plea. We direct the superior court to amend the April 17, 2012, minute order to strike the following sentence: "Criminal Proceedings Reinstated."

_____
DETJEN, J.

WE CONCUR:


_____
GOMES, Acting P.J.


_____
FRANSON, J.

8.