Filed 10/21/15  P. v. Hatfield CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051076 |
| v. | (Super. Ct. No. 14HF2956) |
| TRAVIS ADAM HATFIELD, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Robert C. Gannon, Judge.  Affirmed.

Lindsey M. Ball, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

The complaint in this case charged defendant Travis Adam Hatfield with possession of ammunition by a prohibited person (Pen. Code, § 30305, subd. (a)(1), count 1, all further references are to this code), and attempt to induce false testimony from one Riley H. (§§ 664, 137, subd. (c), count 2).

In a negotiated disposition, Hatfield pleaded guilty to count 1, and admitted related probation violations in case numbers 13WM03280 and 13WF3409. In exchange, the prosecution dismissed count 2.

As agreed in the guilty plea form, the court placed Hatfield on three years of supervised probation, on the condition he serve 30 days in jail, with 30 days credit for time served, and issued a protective order in favor of Riley H.

Hatfield filed a timely notice of appeal from "the sentence or other matters occurring after the plea that do not affect the validity of the plea." Nothing in the record indicates Hatfield obtained a certificate of probable cause. (§ 1237.5.)

We appointed counsel to represent Hatfield on appeal. Counsel filed a brief summarizing the proceedings and facts of the case and advised the court she found no arguable issues to assert on Hatfield's behalf. (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.) Counsel notified Hatfield that he could file a supplemental brief on his own behalf. However, the time to do so has passed and we have received no communication from him.

To assist us in our independent review of the record, counsel suggested we consider the following issues:

1. Did Hatfield validly waive his appellate rights?

2. Did Hatfield knowingly and voluntarily enter into his plea agreement, and was it otherwise constitutionally valid?

3. Did the trial court properly advise Hatfield of the sentence he would receive under the plea agreement?

4. Whether the protective order was issued under valid authority?

2

## FACTS

Paragraph 29 of the guilty plea form signed by Hatfield states: "In Orange County, California, on October 27, 2014, I did unlawfully own, possess, and have custody and control over ammunition when I was prohibited from owning and possessing a firearm under Chapter 2, commencing with Section 29800, and Chapter 3, commencing with Section 29900, of Division 9 of the Penal Code, and Welfare and Institutions Code sections 8100 and 8103."

Paragraph 15 of the guilty plea form states: "**Appeal Waiver:** I understand I have the right to appeal from decisions and orders of the Superior Court. I waive and give up my right to appeal from any and all decisions and orders made in my case, including motions to suppress evidence brought pursuant to Penal Code section 1538.5. I waive and give up my right to appeal from my guilty plea. I waive and give up my right to appeal from any legally authorized sentence the court imposes which is within the terms and limits of this plea agreement."

## DISCUSSION

We have independently reviewed the entire record according to our obligations under *Anders v. California*, *supra*, 386 U.S. 738 and *People v. Wende*, *supra*, 25 Cal.3d 436, including the issues suggested by counsel, and we have found no arguable issues on appeal.

(1) Counsel suggests we consider whether Hatfield validly waived his right to appeal. This we cannot do, because Hatfield did not obtain a certificate of probable cause. (§ 1237.5; *People v. Panizzon* (1996) 13 Cal.4th 68 (*Panizzon*); Cal. Rules of Court, rule 8.304(b); *People v. Puente* (2008) 165 Cal.App.4th 1143, 1149; *People v. Navarro* (2008) 161 Cal.App.4th 1100, 1105.) A challenge to the validity of a waiver of the right to appeal in a plea bargain is, in substance, a challenge to the plea itself, which is subject to the certificate of probable cause requirement. (*Panizzon*, at pp. 74-89; *People v. Mashburn* (2013) 222 Cal.App.4th 937, 942-943.)

3

(2) Counsel suggests we consider whether Hatfield knowingly and voluntarily entered into his plea agreement, and whether it was otherwise constitutionally valid. Once more we cannot consider this claim because Hatfield did not obtain a certificate of probable cause. (*Panizzon*, *supra*, 13 Cal.4th at p. 78.)

(3) Counsel suggests we consider whether the court properly advised Hatfield of the sentence he would receive under the plea agreement. "However, a court may rely upon a defendant's validly executed waiver form as a proper substitute for a personal admonishment. [Citations.]" (*Panizzon*, *supra*, 13 Cal.4th at p. 83.) Further, we have reviewed the entire record and determined Hatfield was properly advised and sentenced in accordance with his plea agreement. He got exactly what he bargained for.

(4) Counsel suggests we consider whether the protective order was issued under valid authority. We have done so and concluded it was. (§ 136.2.)

## DISPOSITION

The judgment is affirmed.

THOMPSON, J.

WE CONCUR:

MOORE, ACTING P. J.

ARONSON, J.

4