[Crim. No. 15299. Fourth Dist., Div. One. Feb. 2, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
STEVE ARNOLD BOZEMAN, Defendant and Appellant.

[Crim. No. 15829. Fourth Dist., Div. One. Feb. 2, 1984.]

In re STEVE ARNOLD BOZEMAN on Habeas Corpus.

COUNSEL

John A. Howell, under appointment by the Court of Appeal, for Defendant and Appellant and Petitioner.

John K. Van de Kamp, Attorney General, and Robert M. Foster, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

WIENER, J.—Steve A. Bozeman appeals the judgment entered on his guilty plea in case CRN 7972 (case 2). Bozeman also challenges, both in his appeal and by a petition for writ of habeas corpus, the combined sentence imposed in case 2 for his convictions in that case and in case CRN 7629 (case 1). We affirm the judgment in case 2 and deny the petition.

A jury in case 1 found Bozeman guilty of second degree burglary. (Pen. Code, §§ 459, 460, subd. 2.)[1] The court imposed a three-year upper term (§§ 18, 461, subd. 2) plus a one-year enhancement for a prior prison term (§ 667.5, subd. (b)), for a total sentence of four years. In case 2 Bozeman pleaded guilty to three counts of perjury (§ 118) and one count of second degree burglary.

Bozeman pleaded guilty in case 2 after his conviction in case 1 but before sentencing. The court and counsel in case 2 anticipated a four-year sentence would be imposed in case 1. With that in mind, defense counsel negotiated a six-year and eight-month cap on the combined sentence for both cases as part of Bozeman's plea bargain in case 2.

At the sentencing hearing in case 2 the court noted that, as expected, a four-year sentence had been imposed in case 1. The court then imposed separate four-year terms on all three perjury counts (§ 126), but stayed execution of sentence on two of the counts. (§ 654.) The court added an eight-month consecutive sentence representing one-third of the middle term for second degree burglary. (§§ 18, 461, subd. 2.) In total, Bozeman received a four-year and eight-month sentence in case 2. However, to comply with the plea bargain in that case, the court reduced the four-year sentence originally imposed in case 1 to one year and eight months, for a total combined sentence in the two cases of six years and four months. The court reduced the original four-year sentence by changing the three-year upper term imposed for second degree burglary to an eight-month one-third middle term to be served consecutively to the sentence imposed in case 2. At the request of the Department of Corrections, the court in case 2 entered an amended abstract of judgment reflecting the new combined sentence for both cases and properly credited Bozeman only for time he spent in custody before sentencing in case 1. (See § 2900.5, subd. (b).)

Appointed appellate counsel filed a brief setting forth the foregoing facts and proceedings. He presents no argument for reversal and asks us to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071]. Our review disclosed one reasonably arguable appellate issue: is the combined sentence for both cases imposed by the court in case 2 authorized by the Penal Code? (See *People v. Massengale* (1970) 10 Cal.App.3d 689, 693 [89 Cal.Rptr. 237].)

■ After considering counsel's briefs (see *People v. Wende, supra,* 25 Cal.3d at p. 442, fn. 3), we have concluded the court in case 2 acted properly under section 1170.1, subdivision (a). As noted above, to comply with

---

[1] All statutory references are to the Penal Code.

the plea bargain in case 2, the court modified the lawful sentence previously imposed by the court in case 1 for second degree burglary. As a general rule, a sentence lawfully imposed may not be modified once a defendant is committed and execution of his sentence has begun. (*People* v. *Roe* (1983) 148 Cal.App.3d 112, 116 [195 Cal.Rptr. 802]; *People* v. *Hartsell* (1973) 34 Cal.App.3d 8, 13 [109 Cal.Rptr. 627].) The exceptions to the rule allowing corrections of clerical or judicial errors do not apply here. (See *ibid.*)

However, section 1170.1, subdivision (a) represents a statutory exception to the general rule and does apply here. That section provides in part: "(a) Except as provided in subdivision (c) and subject to Section 654, when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, *the aggregate term of imprisonment for all such convictions shall be the sum of the principal term, the subordinate term* and any additional term imposed pursuant to Section 667.5, 667.6, or 12022.1. *The principal term shall consist of the greatest term of imprisonment imposed* by the court for any of the crimes, including any enhancements imposed pursuant to Section 12022, 12022.3, 12022.5, 12022.6, 12022.7 or 12022.8. *The subordinate term for each consecutive offense which is not a 'violent felony'* as defined in subdivision (c) of Section 667.5 *shall consist of one-third of the middle term of imprisonment prescribed* for each other such felony conviction for which a consecutive term of imprisonment is imposed, and shall exclude any enhancements." (Italics added.)

In cases such as this section 1170.1, subdivision (a) mandates use of the principal term/subordinate term scheme of sentencing. Under that approach the longest sentence imposed for any of the crimes becomes the principal term. Accordingly, the court properly selected the perjury sentence imposed in case 2 to be the principal term. The court then decided the sentence for second degree burglary in case 1 should be served consecutively to the perjury sentence. Having made that decision, the court had no choice but to impose a subordinate one-third middle term for the burglary.

The exception provided by section 1170.1, subdivision (a) is necessary and makes good sense. Without it, sentencing courts would be unable to impose full terms under sections 669 and 1170 for serious crimes when those crimes are committed by defendants who have been previously convicted and sentenced for less serious offenses.

Judgment affirmed; writ denied.

Brown (Gerald), P. J., and Work, J., concurred.