128 Cal.Rptr.2d 581 (2002)
104 Cal.App.4th 774
The PEOPLE, Plaintiff and Respondent,
v.
Robert Guy BAKER, Defendant and Appellant.
No. A096731.
Court of Appeal, First District, Division Five.
December 20, 2002.
Review Granted February 25, 2003.
*582 Maureen L. Fox under appointment by the Court of Appeal, Danville, for Appellant and Defendant.
Bill Lockyer, Attorney General; Robert R. Anderson, Chief Assistant Attorney General; Ronald A. Bass, Senior Assistant Attorney General; Stan M. Helfman and Christopher J. Wei, Deputy Attorneys General, for Plaintiff and Respondent.
Certified for Partial Publication.[*]
SIMONS, J.
Defendant Robert Guy Baker appeals his convictions in three separate cases. In case No. FC47622 (hereafter case 1), defendant pled no contest to unlawful possession of a firearm (Pen.Code, § 12021, subd. (c)(1)) and received probation, which was later revoked. In case No. FC47988 (hereafter case 2), defendant pled no contest to unlawful sexual intercourse with a minor more than three years younger than defendant (§ 261.5, subd. (c)), and received probation, which was later revoked. In case No. FCR185360 (hereafter case 3), a jury found defendant guilty of failure to appear while on bail (§ 1320.5) and assault with a semi-automatic firearm (§ 245, subd. (b)), and found true allegations of personal firearm use and infliction of great bodily injury (§§ 12022.5, subd. (a); 12022.7, subd. (a)).[1] Defendant was sentenced on all three cases to 24 years in state prison.
In the published portion of this opinion, we consider the scope of section 2933.1, subdivision (c) of Penal Code, which limits presentence conduct credits (hereafter conduct credits) for persons convicted of violent felonies. We conclude that when a defendant is convicted of both a violent and a nonviolent felony in separate criminal proceedings, and receives a consecutive sentence on the two offenses, the presentence credits on both offenses are subject to the statutory limitation, even if the presentence custody time on the nonviolent offense was served prior to the commission of the violent offense.

BACKGROUND[**]

DISCUSSION

I.-VI.[**]

VII. Presentence Credits in Case 1

Defendant contends the presentence credits awarded him on case 1 should not have been subjected to Penal Code[6] section 2933.1, which limits presentence conduct credits to 15 percent of actual time served for persons convicted of the violent offenses enumerated in section 667.5.[7]
The facts regarding defendant's sentencing are summarized as follows: In October 1998, defendant pled no contest in case 1 to unlawful possession of a firearm. In *583 November 1998, the complaint was filed in case 2 charging defendant with unlawful sexual intercourse. In December 1998, defendant pled no contest to the case 2 charge, and was granted three years probation in cases 1 and 2, conditioned on his service of six months in county jail on case 1, and 90 days in county jail on case 2.
In July 2000, defendant's probation in cases 1 and 2 was summarily revoked and he was released on his own recognizance. In August 2000, defendant was released on bail following his arrest in case 3. In September 2000, a bench warrant issued due to defendant's failure to appear, and his own recognizance was revoked and bail was forfeited. In November 2000, defendant was returned to custody and the complaint in case 3 was amended to add a charge of failure to appear while on bail on the assault charge (§ 1320.5). In February 2001, defendant's probation in cases 1 and 2 was formally revoked following his conviction by jury trial in case 3 of the failure to appear while on bail charge.
In October 2001, following his assault conviction in case 3, defendant was sentenced on all three cases to 24 years in state prison as follows: The court designated the assault conviction in case 3 as the principal term for which it imposed the upper nine-year term plus a consecutive 13-year term for the firearm and great bodily injury enhancements. The court also imposed consecutive, subordinate eight-month terms (one-third the midterm) for the unlawful firearm possession conviction in case 1, the unlawful sexual intercourse conviction in case 2, and the failure to appear conviction in case 3.
In calculating defendant's presentence credits in case 1, the court noted that defendant was in jail in case 1 from October 17, 1998 to March 4, 1999. Applying the 15 percent limitation of section 2933.1, subdivision (c), the court awarded defendant 159 days of presentence custody credit, consisting of 139 actual days, and 20 conduct days.[8]
The defendant argues he was entitled to additional credits on case 1 under section 4019. Pursuant to that section, persons detained in local custody prior to the imposition of sentence may be eligible for conduct credits of up to two additional days for every four days of actual custody. (§ 4019, subds.(a)(1), (b), (c), (e) & (f); People v. Buckhalter (2001) 26 Cal.4th 20, 30, 108 Cal.Rptr.2d 625, 25 P.3d 1103.) If correct, the defendant would be entitled to an additional credit of 68 days. Section 2933.1, subdivision (c), however, limits presentence conduct credits awarded under section 4019 to no more than 15 percent of the actual period of confinement.[9](Buckhalter, at p. 31, 108 Cal.Rptr.2d 625, 25 P.3d 1103.) This credit limitation applies to any person who suffers a current conviction of a violent felony offense listed in section 667.5. (See People v. Thomas (1999) 21 Cal.4th 1122, 1129, 90 Cal. Rptr.2d 642, 988 P.2d 563 [three strikes prisoner is subject to presentence credit *584 limitations of section 2933.1, subdivision (c) only if his or her current conviction is for a section 667.5 violent felony].)[10]
The case 3 assault of which defendant was convicted in 2001 is an enumerated violent felony,[11] and defendant does not dispute that the 15 percent limitation of section 2933.1, subdivision (c) was properly applied in calculating presentence credits for that offense. Defendant argues, however, that because he did not commit the violent felony until more than a year after he served the presentence jail time on the nonviolent felony, the 15 percent limitation should not apply retroactively to the presentence credits accrued on the nonviolent felony.
Section 2933.1, subdivision (c) does not specifically address the issue of first impression raised here: whether the 15 percent limitation on presentence conduct credits applies to a consecutive sentence imposed for a nonviolent felony, charged and proven in a separate case, when the presentence custody upon which this credit is based occurred before the commission of the current violent felony. As we shall explain, we believe that section 2933.1, subdivision (c) limits presentence conduct credits for nonviolent crimes whenever the defendant has suffered a current conviction for a violent felony and the sentences for the two offenses are run consecutively, without regard to the timing of each conviction.[12] Even if, as here, the offenses were charged and proved in separate cases and the conviction for the nonviolent crime predated the current conviction for the violent offense, the statutory limitation on conduct credits governs.
The language of section 2933.1, subdivision (c) evidences an intent to limit the presentence credits that can be received by "specified felons." (People v. Cooper (2002) 27 Cal.4th 38, 43, 115 Cal. Rptr.2d 219, 37 P.3d 403; People v. Buckhalter, supra, 26 Cal.4th at p. 37, fn. 7, 108 Cal.Rptr.2d 625, 25 P.3d 1103; People v. Aguirre, supra, 56 Cal.App.4th at pp. 1138-1141, 66 Cal.Rptr.2d 77.) As the court noted in People v. Ramos (1996) 50 Cal.App.4th 810, 817, 58 Cal.Rptr.2d 24, section 2933.1 applies "to the offender not to the offense." In Ramos, the defendant was convicted of numerous offenses including robbery, a violent offense under section 667.5, and possession of a controlled substance, which is not. He was sentenced to 22 years in prison, including a consecutive eight-month term for the drug offense, and the trial court applied the 15 percent limitation to the entire 22-year sentence. (Id. at p. 814-817, 58 Cal. Rptr.2d 24.) The Court of Appeal rejected the defendant's contention that his credits for the consecutive sentence on the drug possession count should be calculated under section 4019, not section 2933.1, because it was not a violent felony under section 667.5. Focusing on the language of section 2933.1, subdivision (c), the court concluded that section 2933.1 applies "`[notwithstanding Section 4019 or any *585 other provision of the law'" and "limits to 15 percent the maximum number of conduct credits available to `any person who is convicted of a felony offense listed in Section 667.5.' That is, by its terms, section 2933.1 applies to the offender not to the offense and so limits a violent felon's conduct credits irrespective of whether or not all his or her offenses come within section 667.5." (Ramos, at p. 817, 58 Cal.Rptr.2d 24.) Ramos noted that the Legislature could have limited the 15 percent rule to a defendant's violent felonies if that had been their intention. (Id. at p. 817, 58 Cal.Rptr.2d 24.) We agree with both the reasoning and conclusion of Ramos.
In Ramos, the defendant was convicted of violent and nonviolent felonies in the same proceeding.[13] Though in our case the violent and nonviolent felony convictions were not brought and tried in the same proceeding, we do not believe this requires a different result so long as the current charge is for a violent felony. Under the determinate sentencing law, the rules governing the imposition of a consecutive sentence explicitly reject such a distinction. "[W]hen a defendant is sentenced consecutively for multiple convictions, whether in the same proceeding or in different proceedings, the judgment or aggregate determinate term is to be viewed as interlocking pieces consisting of a principal term and one or more subordinate terms. (§ 1170.1, subd. (a).)" (People v. Begnaud (1991) 235 Cal.App.3d 1548, 1552, 1 Cal.Rptr.2d 507.) In fact, California Rules of Court, rule 4.452 states: "If a determinate sentence is imposed pursuant to section 1170.1(a) consecutive to one or more determinate sentences imposed previously ...:[¶] (1) The sentences on all determinately sentenced counts ... shall be combined as though they were all counts in the current case." [14] (Italics added.)
Further, when a defendant is sentenced consecutively for multiple convictions occurring in different proceedings, the second court designates the longest term as the principal term, and any other consecutive term is considered a subordinate term, for which the sentence can be no more than one-third the midterm for the offense. (People v. Begnaud, supra, 235 Cal.App.3d at p. 1552, 1 Cal.Rptr.2d 507; § 1170.1, subd. (a).) While imposing the current, consecutive sentence, the second court is empowered to modify a sentence previously imposed by a different court and make it subordinate to the later-imposed term. (People v. Bozeman (1984) 152 Cal.App.3d 504, 507, 199 Cal.Rptr. 343.) Thus, section 1170.1 provides an exception to the general rule that a sentence lawfully imposed cannot be modified once a defendant is committed and execution of his or her sentence has begun. *586 (Begnaud, at p. 1552, 1 Cal.Rptr.2d 507.) Without the exception, "`sentencing courts would be unable to impose full terms under sections 669 and 1170 for serious crimes when those crimes are committed by defendants who have been previously convicted and sentenced for less serious offenses.'" (Begnaud at pp. 1552-1553, 1 Cal.Rptr.2d 507, quoting Bozeman, at p. 507, 199 Cal.Rptr. 343.)
The same approach should govern here. In determining the appropriate conduct credits to award as part of a consecutive sentence, the second court is entitled to recalculate the conduct credits previously awarded on an earlier conviction. Further, it must base that recalculation on the rules applicable to the current, consecutive term. Even if a subordinate term is imposed for a nonviolent felony conviction occurring before the current offense, if the current offense triggers the credit limitations of section 2933.1, those limitations apply to every offense in the aggregate term. No injustice results from this. Had defendant's probation in case 1 been revoked for noncriminal misconduct, defendant could have received a sentence in case 1 of three years, reduced by 68 conduct credits. Because his probation was revoked for a new offense, for which he received a consecutive sentence, the determinate sentence law limited both the length of his term and the number of conduct credits he received. The length of the subordinate term, however, was lowered far more (from three years to eight months) than the 48-day reduction in credits.
Section 2933.1 was enacted "`[i]n order to protect the public from dangerous repeat offenders who otherwise would be released....'" (People v. Ramos, supra, 50 Cal.App.4th at p. 817, 58 Cal.Rptr.2d 24, quoting Stats. 1994, ch. 713, § 2, p. 3448.) That a defendant, currently convicted of a violent felony, was not a violent felon at the time he served his or her presentence custody on the nonviolent offense is irrelevant. It is the current violent felony conviction which triggers application of the 15 percent limitation of section 2933.1, subdivision (c), and the aggregate sentencing on his violent and nonviolent felonies permits the 15 percent limitation to apply to both offenses.

Disposition
The judgment is affirmed.
We concur JONES, P.J., and GEMELLO, J.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, the Background and parts I through VI of this opinion are not certified for publication.
[1] This was the third trial in case 3. In the first trial, the jury was unable to reach a verdict on the assault charge. However, the jury convicted defendant of failure to appear while on bail (Pen.Code, § 1320.5). The second trial on the assault charge ended in a mistrial.
[**] See footnote *, ante.
[6] All undesignated section references are to the Penal Code.
[7] Defendant's failure to raise this issue below does not constitute a waiver on appeal. (People v. Aguirre (1997) 56 Cal.App.4th 1135, 1139, 66 Cal.Rptr.2d 77.)
[8] Defendant was also awarded presentence credit in case 3 pursuant to the 15 percent limitation of section 2933.1, subdivision (c). No presentence credit was awarded in case 2.
[9] Section 2933.1 provides, in part: "(a) Notwithstanding any other law, any person who is convicted of a felony offense listed in Section 667.5 shall accrue no more than 15 percent of worktime credit, as defined in Section 2933.[¶] ... [¶] (c) Notwithstanding Section 4019 or any other provision of law, the maximum credit that may be earned against a period of confinement in, or commitment to, a county jail, industrial farm, or road camp, or a city jail, industrial farm or road camp, following arrest and prior to placement in the custody of the Director of Corrections, shall not exceed 15 percent of the actual period of confinement for any person specified in subdivision (a)."
[10] Both subdivision (a) and subdivision (b) of section 2933.1 are directed at the same target group: "any person who is convicted of a felony offense listed in Section 667.5." Thus cases defining that term are useful in interpreting the breadth of both provisions.
[11] Section 667.5, subdivision (c)(8) provides that "violent felony" includes "[a]ny felony in which the defendant inflicts great bodily injury ... which has been charged and proved as provided in Section 12022.7 ..., or any felony in which the defendant uses a firearm which use has been charged and proved as provided in Section 12022.5..."
[12] We do not address the question of the effect of section 2933.1 on a situation in which the sentence for the nonviolent offense is run concurrently with the sentence for the violent offense.
[13] People v. Duran (1998) 67 Cal.App.4th 267, 78 Cal.Rptr.2d 884 an People v. Palacios (1997) 56 Cal.App.4th 252, 65 Cal.Rptr.2d 318 followed Ramos in applying the 15 percent credit limitation to nonviolent and violent felony offenses brought and tried in the same case.
[14] California Rules of Court, rule 4.452 (former rule 452) provides, in part: "If a determinate sentence is imposed pursuant to section 1170.1(a) consecutive to one or more determinate sentences imposed previously in the same court or in other courts, the court in the current case shall pronounce a single aggregate term, as defined in section 1170.1(a), stating the result of combining the previous and current sentences. In those situations: [¶] (1) The sentences on all determinately sentenced counts in all of the cases on which a sentence was or is being imposed shall be combined as though they were all counts in the current case. [¶] (2) The judge in the current case shall make a new determination of which count, in the combined cases represents the principal term, as defined in section 1170.1(a)."