Filed 12/18/13  P. v. Villasenor CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H038217 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. Nos. CC952718, C1069369) |
| v. | |
| JOSEPH VILLASENOR, | |
| Defendant and Appellant. | |

Penal Code section 2933.1[1] provides that "the maximum [conduct] credit that may be earned" for a period of presentence custody "shall not exceed 15 percent" of the actual days of custody for "any person who is convicted of" a violent felony offense.  (§ 2933.1, subds. (a) & (c).)  Defendant Joseph Villasenor committed a nonviolent felony in 2009 and served a period of presentence custody for that offense in 2009.  In 2010, he committed a violent felony, which led to a 2011 conviction for the violent felony.  He was sentenced for both convictions at the same time and received a consecutive term for the 2009 conviction.  His sole contention on appeal is that the trial court erred in limiting his conduct credit for his 2009 presentence custody time to 15 percent under section 2933.1.  We reject his contention and affirm the judgment.

---

[1]     Subsequent statutory references are to the Penal Code unless otherwise specified.

## I. Background

Defendant was in presentence custody for an August 2009 criminal threats (§ 422) offense from August 17, 2009 to October 29, 2009. In October 2009, he pleaded no contest to the August 2009 criminal threats count. Defendant, who remained on probation in an unrelated case, was released, and the sentencing hearing was continued for one year.[2] In January 2010, he committed an assault with a deadly weapon (§ 245, subd. (a)(1)) in which he personally used a deadly weapon (§§ 667, 1192.7, subd. (c)) and personally inflicted great bodily injury (§ 12022.7) on the victim of the assault. He was returned to custody in April 2010. In August 2011, defendant pleaded no contest to the January 2010 assault and admitted the personal use and great bodily injury allegations. Defendant also admitted in the assault case that he had suffered one prior strike conviction (§§ 667, subds. (b)-(i), 1170.12) and two prior serious felony convictions (§ 667, subd. (a)).

In March 2012, the court imposed a 16-year prison term in the assault case and a consecutive eight-month term in the criminal threats case.[3] Defendant's conduct credit for the assault case, a violent felony, was indisputably limited to 15 percent under section 2933.1. The trial court also limited defendant's conduct credit in the criminal threats case to 15 percent under section 2933.1. Therefore, the court awarded defendant only 11 days of conduct credit for his 74 days of actual custody in the criminal threats case under section 2933.1 rather than the 36 days of conduct credit to which he would have been entitled under former section 4019.

---

[2] The plea agreement was that if defendant did not violate his probation for one year the criminal threats conviction would be reduced to a misdemeanor. If he violated probation, he faced up to three years in prison.

[3] In October 2011, the court ruled that it would not reduce the criminal threats count to a misdemeanor due to defendant's commission of the January 2010 assault.

## II. Analysis

Defendant contends that the trial court erred in restricting his conduct credit in the criminal threats case under section 2933.1. He claims that section 2933.1 was inapplicable to his credit in the criminal threats case because, at the time he served the actual days of custody for the criminal threats case, he had not yet committed a violent felony.

We exercise de novo review in addressing this issue of statutory construction. (*People v. Brewer* (2011) 192 Cal.App.4th 457, 461.) "Statutory construction begins with the plain, commonsense meaning of the words in the statute, '"because it is generally the most reliable indicator of legislative intent and purpose."' [Citation.] 'When the language of a statute is clear, we need go no further.'" (*People v. Manzo* (2012) 53 Cal.4th 880, 885 (*Manzo*).) Where the language of the statute is potentially ambiguous, "'[i]t is appropriate to consider evidence of the intent of the enacting body in addition to the words of the measure, and to examine the history and background of the provision, in an attempt to ascertain the most reasonable interpretation.' [Citation.] We may also consider extrinsic aids such as the ostensible objects to be achieved, the evils to be remedied, and public policy. [Citation.] When construing a statute, 'our goal is "to ascertain the intent of the enacting legislative body so that we may adopt the construction that best effectuates the purpose of the law.'"'" (*Manzo*, at p. 886.)

We begin with the language of the statute. Section 2933.1, subdivision (a) provides: "Notwithstanding any other law, any person who is convicted of a [violent felony] shall accrue no more than 15 percent of worktime credit, as defined in Section 2933." (§ 2933.1, subd. (a).) Section 2933.1, subdivision (c) provides: "Notwithstanding Section 4019 or any other provision of law, the maximum credit that may be earned against a period of confinement in, or commitment to, a county jail . . . , following arrest and prior to placement in the custody of the Director of Corrections,

shall not exceed 15 percent of the actual period of confinement for any person specified in subdivision (a)."  (§ 2933.1, subd. (c).)

Defendant argues that section 2933.1, subdivision (c)'s limitation on presentence conduct credit does not apply to his conduct credit for his actual custody in 2009 because he had not yet been convicted of (or even committed) a violent felony.

This same contention was rejected by the First District Court of Appeal in *People v. Baker* (2002) 144 Cal.App.4th 1320, 1324, 1326 (*Baker*).  It held "that when a defendant is convicted of both a violent and a nonviolent felony in separate criminal proceedings, and receives a consecutive sentence on the two offenses, the presentence credits on both offenses are subject to the statutory limitation, even if the presentence custody time on the nonviolent offense was served prior to the commission of the violent offense."  (*Baker*, at p. 1324; accord *People v. Marichalar* (2003) 144 Cal.App.4th 1331, 1334-1337.)  Defendant challenges the validity of the First District's analysis in *Baker*.

The First District acknowledged in *Baker* that the language of section 2933.1 "does not specifically address" this issue.  (*Baker*, *supra*, 144 Cal.App.4th at p. 1327.)  It identified three justifications for its construction of section 2933.1.  First, *People v. Ramos* (1996) 50 Cal.App.4th 810 had held that section 2933.1 applies to the offender, not the offense.  (*Baker*, at pp. 1327-1328.)  The First District reasoned that application of section 2933.1 to the offender, rather than the offense, supported applying it to all presentence custody time served by the offender regardless of when it was served.  (*Baker*, at p. 1328.)  Second, it is well established that when a defendant had already been sentenced in one proceeding and is later sentenced in another proceeding to a term consecutive to the one imposed in the prior proceeding, the second court may recalculate the term imposed in the first proceeding.  The First District reasoned that the "same approach should govern here," and the court imposing sentence for the second crime "is entitled to recalculate the conduct credits previously awarded on an earlier conviction."  (*Baker*, at p. 1329.)  Finally, the First District observed that, where an earlier nonviolent

4

offense is sentenced with a later violent offense, the imposition of a consecutive subordinate term for one of the offenses benefits the defendant by reducing the total length of the prison term for that offense by two-thirds, which far outweighs the impact on conduct credit from the application of section 2933.1 to presentence custody served prior to the violent felony conviction. (*Baker*, at p. 1329.)

Defendant argues that *Baker* is inconsistent with the California Supreme Court's reasoning in *People v. Brown* (2012) 54 Cal.4th 314 (*Brown*). He relies on this passage: "Credits are determined and added to the abstract of judgment at the time of sentencing, but they are *earned* day by day over the course of a defendant's confinement as a predefined, expected reward for specified good behavior. Having been earned, credits obtain a kind of permanency, as they may not be lost except for misconduct." (*Brown*, at p. 322.)

Defendant reads too much into this excerpt from *Brown*. First, defendant ignores the fact that this excerpt is from the California Supreme Court's discussion of the legislative intent behind section 2900.5, which provides for the application of section 4019 credit at sentencing. Because section 2933.1, subdivision (c) provides that it applies "[n]otwithstanding Section 4019 or any other provision of law," section 2933.1, subdivision (c)'s provisions take precedence over any potentially conflicting provisions in sections 2900.5 and 4019. Hence, the California Supreme Court's statement regarding conduct credit under section 4019 has no application here.

Second, if it were invariably true, as defendant claims, that presentence conduct credit accrued when the actual custody was served and could not be reduced due to a later conviction for a violent felony, a sentencing court would be precluded from applying section 2933.1, subdivision (c) to most presentence custody even where the only offense for which the defendant was incarcerated was a violent offense. After all, most presentence custody time is served *before* conviction, which is before a defendant becomes a "person who is convicted of" a violent felony within the meaning of

5

section 2933.1.  Yet section 2933.1, subdivision (c) plainly applies to *all* presentence custody time served by a defendant convicted of a violent felony regardless of whether the actual custody time occurs before or after the defendant "is convicted of" the violent felony conviction.  Thus, defendant's construction of section 2933.1, subdivision (c) would conflict with the statute's primary purpose.

Consequently, as the First District did in *Baker*, we reject this contention.  The trial court did not err in restricting defendant's presentence conduct credit against his eight-month term in the criminal threats case to 15 percent under section 2933.1, subdivision (c).


### III.  Disposition

The judgment is affirmed.


_____
Mihara, J.



WE CONCUR:




_____
Premo, Acting P. J.




_____
Grover, J.




6