Filed 6/29/15  P. v. Lee CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C076367 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 12F02806, 13F03608) |
| v. | |
| KENNY DEAN LEE, | |
| Defendant and Appellant. | |

On August 30, 2012, in case No. 12F02806, defendant Kenny Dean Lee entered no contest pleas to possession of methamphetamine for sale (count one), possession of marijuana for sale (count two), felon in possession of a firearm, to wit, a .38-caliber handgun, a nine-millimeter handgun, and a .22-caliber handgun (Pen. Code, § 29800, subd. (a)(1); count three),[1] and felon in possession of ammunition, to wit, .22 caliber, .30 caliber, .357 caliber, and nine millimeter (§ 30305, subd. (a)(1); count four).  That same

---

[1] Undesignated statutory references are to the Penal Code.

1

day, the trial court imposed an aggregate term of three years four months, that is, the low term of 16 months on count one and a consecutive one-third the midterm or eight months on counts two, three, and four, each. The court suspended execution of sentence and granted probation.

Defendant did not appeal.

On March 5, 2014, in case No. 13F03608, a jury convicted defendant of possession of methamphetamine for sale. (Health & Saf. Code, § 11378.) In bifurcated proceedings, defendant admitted a prior drug conviction. (Health & Saf. Code, § 11370.2, subd. (c).) The court found defendant in violation of probation in case No. 12F02806.

On April 4, 2014, the court sentenced defendant to state prison for an aggregate term of eight years eight months: case No. 13F03608, the upper term of three years plus three years for the prior drug conviction; case No. 12F02806, the court modified the sentence previously imposed and imposed a consecutive one-third the midterm or eight months on each count (counts one through four).

Defendant appeals. Citing *People v. Lopez* (2004) 119 Cal.App.4th 132 (*Lopez*), he contends section 654 and the federal due process clause barred punishment for the unlawful possession of ammunition (count four, case No. 12F02806), which was possessed for no other purpose than for use in the firearms (count three, case No. 12F02806) also found in the same storage box. The People respond that, unlike in *Lopez*, all the ammunition was not loaded into the handguns.

For a different reason, we conclude the trial court properly sentenced defendant. In any event, *Lopez* does not apply here.

After conviction, "the court may suspend the imposition of the sentence, in which case no judgment of conviction is rendered, or it may impose the sentence and thereafter

2

suspend its execution.  [Citations.]  In the latter case a judgment of conviction has been rendered from which an appeal can be taken . . . ." (*In re Phillips* (1941) 17 Cal.2d 55, 58.)  "As a general rule, a sentence lawfully imposed may not be modified once a defendant is committed and execution of his sentence has begun."  (*People v. Bozeman* (1984) 152 Cal.App.3d 504, 507.)  Section 1170.1, subdivision (a) represents a statutory exception to this general rule by providing that "when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements . . . . The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed . . . ."

Section 669, subdivision (a) provides in relevant part, "When a person is convicted of two or more crimes, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same judge or by different judges, the second or other subsequent judgment upon which sentence is ordered to be executed shall direct whether the terms of imprisonment or any of them to which he or she is sentenced shall run concurrently or consecutively."

The subsequent court is required to combine the terms of all the sentences into a single "aggregate term of imprisonment" (§ 1170.1, subd. (a)), recalculating the subordinate terms under the one-third rule and reducing the terms for a conviction and applicable enhancement.  Section 1170.1 authorizes the subsequent court to modify a sentence previously imposed by another court (*People v. Baker* (2002) 144 Cal.App.4th 1320, 1328-1329), but the subsequent court may not change a discretionary decision by

the prior court, which includes a decision to make a count in the prior case concurrent with or consecutive to each other. (*In re Reeves* (2005) 35 Cal.4th 765, 773; Cal. Rules of Court, rule 4.452(3).)

Here, the prior court in case No. 12F02806 imposed a sentence that included consecutive sentences for counts three and four. Defendant did not appeal. Thereafter, defendant committed a new offense and the subsequent court in case No. 13F03608 was required to resentence but could not change the discretionary decision by the prior court to run counts three and four in case No. 12F02806 consecutively. The subsequent court was precluded from applying section 654 to counts three and four in case No. 12F02806.

In any event, we do not find any error. "Section 654 bars multiple punishments for separate offenses arising out of a single occurrence where all of the offenses were incident to one objective." (*People v. McKinzie* (2012) 54 Cal.4th 1302, 1368.) A trial court's implied finding supported by substantial evidence that defendant entertained a separate intent and objective for each offense will be upheld on appeal. (*Ibid.*)

*Lopez*, *supra*, 119 Cal.App.4th 132 is distinguishable. *Lopez* found that section 654 applied where all the ammunition found was loaded into the firearm. (*Lopez*, at p. 138.) Here, there was a cache of weapons and a separate cache of ammunition. Officers searched two storage facility units defendant used and a shed behind defendant's house. In these various locations, defendant possessed a total of four firearms, two of which were loaded, and more than 175 live rounds of ammunition of various calibers. Section 654 does not preclude multiple punishment here. (*People v. Jones* (2012) 54 Cal.4th 350, 358-360.) Substantial evidence supports the trial court's implied finding that section 654 did not bar punishment for count four in case No. 12F02806.

Having concluded section 654 did not apply, we also reject defendant's due process claim, which was simply based on an argument that defendant had the due process right to have the sentencing rules properly applied. He did.

4

## DISPOSITION

The judgment is affirmed.

                                                                 BUTZ           , J.

We concur:

        BLEASE        , Acting P. J.

        HOCH        , J.