Filed 12/24/19

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE, | C087675 |
| Plaintiff and Respondent, | (Super. Ct. No. CC034312) |
| v. | |
| MARKEESE MONDALE BRANTLEY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Lassen County, Mark R. Nareau, Judge. Vacate and remand for resentencing.

Randall Conner, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein, Jennifer M. Poe, Deputy Attorneys General, for Plaintiff and Respondent.

Penal Code section 1170.1, subdivision (c) (statutory section references that follow are to the Penal Code) provides, in part:

"In the case of any person convicted of one or more felonies committed while the person is confined in the state prison . . . and the law either requires the terms to be served consecutively or the court imposes consecutive terms, the term of imprisonment for all the convictions that the person is required to serve consecutively shall commence from the time the person would otherwise have been released from prison."

If a prisoner commits a felony while serving a state prison sentence but is sentenced for the in-prison felony after completing the prison term, does subdivision (c) of section 1170.1 apply to the sentence for the crime committed in prison?

In this case, defendant Markeese Mondale Brantley committed the crime of possession of marijuana while he was in state prison (§ 4573.6), but both his guilty plea and sentencing for that crime took place after he was released from prison. Before sentencing on the possession charge, defendant was convicted and sentenced on a domestic violence charge in another case. Finding section 1170.1, subdivision (c) applied to the possession charge, the trial court here imposed a full consecutive three-year term on the possession charge, rather than imposing one-third of the middle term for this offense pursuant to section 1170.1, subdivision (a).

On appeal, defendant contends (1) the trial court erred in finding that section 1170.1, subdivision (c)'s exception to the one-third the base term rule applied to his sentence, (2) the court failed to exercise its discretion to impose a consecutive or concurrent term, and (3) that trial counsel's failure to object to the consecutive term constituted ineffective assistance of counsel.

Finding section 1170.1, subdivision (c) does not apply because defendant completed the prison term he was serving before being sentenced on the possession offense, we vacate the sentence and remand for resentencing.

FACTS AND PROCEEDINGS

On May 12, 2015, defendant's probation was terminated and he was sentenced to a five-year state prison term for second degree robbery (§ 211) and false imprisonment (§ 236) in Mendocino County case No. CR1270617. While serving his term in the California Correctional Center in Lassen County, defendant was found possessing marijuana on November 2, 2015. On August 26, 2016, he was charged with possession of marijuana in prison in the case currently before us.

Following his parole in the Mendocino County case, on January 25, 2017, defendant pleaded guilty to the possession of marijuana in prison charge. The trial court released defendant on his own recognizance pending sentencing on April 5, 2017. Defendant appeared for sentencing on April 5, 2017, but the trial court granted defense counsel's continuance motion and continued sentencing to May 17, 2017. Defendant failed to appear at the May 17, 2017 sentencing hearing. On September 14, 2017, defendant was sentenced to a four-year term following his conviction for corporal injury to a spouse (§ 273.5, subd. (a)) with a strike prior in an unrelated case, Mendocino County case No. SCUK-CRCR-2017-89909-01. On the court's own motion, we take judicial notice of the minute order and abstract of judgment in Mendocino County case No. SCUK-CRCR-2017-89909-01. (Evid. Code, § 452, subd. (c).)

In points and authorities filed prior to sentencing in this case, defendant informed the court of his conviction and sentence to state prison in another case since his release from prison, and asserted that sentencing on the possession term in this case was subject to the one-third the base term provision of section 1170.1, subdivision (a). Although the points and authorities mentioned defendant being sentenced in another case after his release from prison, it did not identify the crime, case number, county of sentencing, or the prison term imposed. At sentencing, the prosecutor argued for a three-year term for the possession offense. One of the aggravating factors in support of the middle term cited

3

by the prosecutor was that, while out on parole, defendant was convicted and sentenced to prison on another felony.

Defense counsel reiterated his argument that the possession offense was subject to the one-third the middle term provision of section 1170.1, subdivision (a).

Defendant was sentenced on July 12, 2018. The trial court, noting this was a case of first impression, found the two offenses were separate and distinct, and that "one offense occurred while the defendant was serving a prison term which in and of itself would not have afforded the defendant the ability to receive one[-]third the middle term because it was his first in prison offense." Since the two offenses were separate and one was committed while defendant was in prison, the trial court concluded that subdivision (a) of section 1170.1 did not apply and defendant should receive a full consecutive term for the possession offense in this case. The court accordingly imposed a three-year consecutive term in this case. However, since neither the court, nor defense counsel, nor the prosecutor appeared to know what the term was in the Mendocino County case, the court did not impose a single sentence covering both cases. The minute order and abstract also make no reference to the term imposed in the Mendocino County case.

## DISCUSSION

Defendant contends the trial court erred in failing to apply section 1170.1, subdivision (a) to his sentence. We agree.

The general rule for imposing determinate sentences on more than one offense provides: "Except as otherwise provided by law, and subject to Section 654, when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for

4

applicable enhancements for prior convictions, prior prison terms, and Section 12022.1. The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any term imposed for applicable specific enhancements.  The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of the term imposed for any specific enhancements applicable to those subordinate offenses." (§ 1170.1, subd. (a).)

One exception to this rule is found in subdivision (c) of section 1170.1, which states:  "In the case of any person convicted of one or more felonies committed while the person is confined in the state prison or is subject to reimprisonment for escape from custody and the law either requires the terms to be served consecutively or the court imposes consecutive terms, the term of imprisonment for all the convictions that the person is required to serve consecutively shall commence from the time the person would otherwise have been released from prison.  If the new offenses are consecutive with each other, the principal and subordinate terms shall be calculated as provided in subdivision (a).  This subdivision shall be applicable in cases of convictions of more than one offense in the same or different proceedings."

" 'The statutory scheme makes clear that such felonies, i.e., those felonies committed in prison, are exempt from the general sentencing scheme.  [Citation.]  A sentence under subdivision (c) is longer than a sentence imposed under subdivision (a) because the in-prison offenses are fully consecutive to the sentence for the offense for which the defendant was in prison. Using sentencing jargon "the in-prison offense is treated as a new principal term rather than as a subordinate term to the out-of-prison offense." ' " (*In re Coleman* (2015) 236 Cal.App.4th 1013, 1019.)

On "all questions of statutory interpretation, we attempt to discern the Legislature's intent, 'being careful to give the statute's words their plain, commonsense

5

meaning. [Citation.] If the language of the statute is not ambiguous, the plain meaning controls and resort to extrinsic sources to determine the Legislature's intent is unnecessary.' " (*Ste. Marie v. Riverside County Regional Park & Open–Space Dist.* (2009) 46 Cal.4th 282, 288.)

Had sentence on the possession offense been imposed while defendant was serving his prison term for the robbery and false imprisonment convictions in Mendocino County case No. CR1270617, then subdivision (c) of section 1170.1 clearly would apply. However, a reading of the plain language of subdivision (c) makes apparent that this provision does not apply once the prisoner has completed the sentence he or she was serving when the in-prison crime was committed. Section 1170.1, subdivision (c) only mandates that a consecutive term imposed by the court for escape or a felony committed in prison is to be imposed at the conclusion of the term the defendant was serving when the crime was committed. It stands to reason that if the defendant is no longer serving a prison term at the time of sentencing for his in-prison crime, then subdivision (c) has no application. Furthermore, subdivision (a) of section 1170.1 still applies if sentence for more than one crime is imposed. While the principal term must begin after the conclusion of the term defendant was serving when the felonies were committed, every other felony offense is subject to the one-third the middle term rule of section 1170.1, subdivision (a).

A hypothetical demonstrates the nature of the trial court's error. If both the Mendocino County offense (corporal injury to a spouse) and the crime in this case (possession of marijuana in prison) were committed while defendant was in prison and he was sentenced while still serving the prior term, the trial court would sentence defendant pursuant to section 1170.1, subdivision (c). In accordance with that provision, the trial court would have to designate one of the offenses as the principal term, which would be served following the conclusion of the prior offense. The other, subordinate, offense could be subject to no greater sentence than a consecutive one-third the middle term.

6

What the trial court did here, imposing a full term consecutively to the full term in the Mendocino County case, leads to an effectively *longer* sentence than what could be imposed if defendant committed both crimes while in prison. This is contrary to the text of subdivision (c). Since the trial court failed to abide by subdivision (a) of section 1170.1, we shall vacate the sentence and remand for resentencing.

The trial court's error here is intertwined with another error not identified by the parties. "If a determinate sentence is imposed under section 1170.1(a) consecutive to one or more determinate sentences imposed previously in the same court or in other courts, the court in the current case must pronounce a single aggregate term, as defined in section 1170.1(a), stating the result of combining the previous and current sentences." (Cal. Rules of Court, rule 4.452.) The Mendocino County domestic violence offense was alluded to at sentencing but was not included when the trial court pronounced judgment in this case and is not included in the abstract. This is contrary to the controlling provision here, section 1170.1, subdivision (a). (See *People v. Baker* (2002) 144 Cal.App.4th 1320, 1328-1329 ["when a defendant is sentenced consecutively for multiple convictions occurring in different proceedings, the second court designates the longest term as the principal term, and any other consecutive term is considered a subordinate term, for which the sentence can be no more than one-third the midterm for the offense"].)

Since defendant was convicted in two separate cases, the trial court must sentence defendant on both. On remand, the trial court must determine pursuant to section 1170.1, subdivision (a) which of the two offenses is the principal term and then impose a concurrent or consecutive term for the other offense.

## DISPOSITION

The sentence is vacated and the matter is remanded for resentencing in accordance with this opinion.

_____
HULL, Acting P. J.

We concur:

_____
BUTZ, J.

_____
KRAUSE, J.

8