Filed 11/25/20  P. v. Billie CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ROBERT LEE BILLIE,<br><br>Defendant and Appellant. | 2d Crim. No. B297579<br>(Super. Ct. No. 18CR06315)<br>(Santa Barbara County) |

Robert Lee Billie appeals the judgment entered after a jury convicted him of assault by means of force likely to produce great bodily injury (Pen. Code,[1] § 245, subd. (a)(4)).  In a bifurcated proceeding, the trial court found true allegations that appellant had a prior 2004 conviction for the federal offense of assault resulting in serious bodily injury (18 U.S.C.S. § 113, subd. (a)(6)) that qualified as a strike  (§§ 667, subds. (b) - (i), 1170.12, subds.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

(a) - (d)) and a prior serious felony (§667, subd. (a)). Appellant was sentenced to two years in state prison (one-third the midterm doubled for the strike prior), to be served consecutively to the sentences previously imposed in two other cases, resulting in an aggregate term of 19 years and 4 months.[2] Appellant contends the court erred in finding that his prior federal conviction of assault resulting in serious bodily injury qualified as a strike and prior serious felony under California law. He also asserts that his appointed counsel provided constitutionally ineffective assistance by failing to ask the court to exercise its discretion to strike the prior serious felony enhancement imposed on the principal term in case number 143654. We affirm.

---

[2] In 2015, in case number 1473654, a jury convicted appellant of assault with a deadly weapon (§ 245, subd. (a)(1)) and found true an allegation that he personally inflicted great bodily injury in committing the offense (§ 12022.7, subd. (a)). In a bifurcated proceeding, the court found that appellant had a prior strike conviction (his 2004 federal conviction of assault resulting in serious bodily injury) that also qualified as a serious felony (§§ 667, subds. (a)(1), (b) - (i), 1170.12, subds. (a) - (d)). The court sentenced him to 16 years in state prison, consisting of the upper term of four years for the assault doubled for the strike prior, plus three years for the section 12022.7 enhancement, plus five years for the prior serious felony conviction. In case number 1445369, appellant was convicted of false impersonation of another (§ 529) and prior strike and serious felony allegations were found true based on the same 2004 federal conviction of assault resulting in serious bodily injury. Appellant was sentenced to a consecutive term of one year and four months, i.e., one-third the midterm doubled for the strike prior.

## FACTS AND PROCEDURAL HISTORY

On October 9, 2014, while in county jail awaiting trial in his two prior cases, appellant punched his cellmate Malik Rasheed in the head with his fist. Rasheed lost consciousness as a result of the assault and suffered wounds that required 10 staples and 12 stitches.

Appellant was subsequently charged in an information with assault by means of force likely to produce great bodily injury. The information also alleged that appellant had a prior federal conviction for assault resulting in serious bodily injury (18 U.S.C.S. § 113, subd. (a)(6)) that qualified as a prior strike and serious felony conviction. Appellant represented himself at trial and waived his right to a jury trial on the prior conviction allegations.

At the court trial on the prior conviction allegations, the prosecution presented the indictment from the United States District Court of Arizona charging appellant with assault resulting in serious bodily injury and assault with a dangerous weapon (18 U.S.C.S. § 113, subd. (a)(3)), appellant's guilty plea agreement, the court minutes, and the judgment of conviction.

In pleading guilty to the charge of assault resulting in serious bodily injury, appellant agreed and admitted "that if [the] matter were to proceed to trial the United States could prove . . . beyond a reasonable doubt" that he "intentionally struck or wounded the victim" and that "as a result of [appellant's] action, the victim suffered serious bodily injury." Appellant also admitted the following factual basis for his plea: "On or about July 31, 2004, in the District of Arizona, within the confines of the Navajo Indian Reservation, [appellant] was at the home of Nathaniel Scott, located in Saint Michaels, Arizona. Victim

3

Robert Day arrived at the house and told Mr. Scott that [appellant] should leave because of an earlier incident. When [appellant] found out that victim Robert Day wanted him to leave, [appellant] approached victim outside the residence and an altercation ensued. Then [appellant] stabbed Day with a knife. [Appellant] then fled in a vehicle. Day had numerous wounds from the stabbing including a punctured lung, which defendant admits constitutes serious physical injury. [Appellant] also admits he used a knife in the assault."

The trial court asked appellant, who was representing himself, if he had any arguments as to why his prior assault conviction would not qualify as a strike. Appellant replied, "No, the defendant submits." The court proceeded to find, "after reviewing the elements of the federal offense . . . , that [it] would qualify as a strike offense under California law." The court also found that appellant used a deadly and dangerous weapon in committing the assault as contemplated in section 12022, subdivision (b)(1), and personally inflicted great bodily injury upon the victim within the meaning of section 12022.7, subdivision (a), such that the offense qualified as serious felony.

Appellant was represented by counsel at sentencing. The court sentenced appellant to two years in state prison and ordered the sentence to run consecutive to appellant's sentences in the prior cases.

## DISCUSSION

### I.

Appellant contends the trial court violated his rights under the Sixth and Fourteenth Amendments of the United States Constitution by finding that his 2004 federal conviction of assault resulting in serious bodily injury (18 U.S.C.S. § 113, subd. (a)(6))

4

qualifies as a strike and serious felony under California law.  We are not persuaded.[3]

Under the Three Strikes law, a prior conviction for a "strike" offense subjects a defendant to increased punishment. (§§ 667, subd. (b), 1170.12, subd. (a).)  "'In order for a prior conviction from another jurisdiction to qualify as a strike under the Three Strikes law, it must involve the same conduct as would qualify as a strike in California.'" (*People v. Woodell* (1998) 17 Cal.4th 448, 453.)  In *Apprendi*, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (*Apprendi, supra,* 530 U.S. at p. 490.)

In *People v. Gallardo* (2017) 4 Cal.5th 120 (*Gallardo*), our Supreme Court explained that "'[i]n determining the truth of an alleged prior conviction when . . . the necessary elements of that conviction do not establish that it is a serious felony, and thus subject to California's Three Strikes law, the trier of fact must

---

[3] We reject the People's claim that appellant forfeited his claim by failing to raise it in the trial court.  As we shall explain, appellant claims that the court's alleged error resulted in an unauthorized sentence under *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435] (*Apprendi*) and its progeny.  "'If a trial court imposes a sentence unauthorized by law, a reviewing court may correct that sentence whenever the error is called to the court's attention.' [Citation.]  '[A] sentence is generally "unauthorized" where it could not lawfully be imposed under any circumstance in the particular case. . . .' [Citation.]" (*People v. Wilson* (2013) 219 Cal.App.4th 500, 518.)  This includes a sentence imposed in violation of *Apprendi*.  (*Ibid.*)

decide whether the defendant's conduct, as demonstrated in the record of the prior conviction, shows that the crime was a serious felony.' [Citation.] And when the sentencing court must rely on a finding regarding the defendant's conduct, but the jury did not necessarily make that finding (or the defendant did not admit to that fact), the defendant's Sixth Amendment rights are violated." (*Id.* at p. 135.) In determining whether the prior conviction qualifies as a strike, "[t]he court's role is . . . limited to identifying those facts that were established by virtue of the conviction itself—that is, facts the jury was necessarily required to find to render a guilty verdict, *or that the defendant admitted as the factual basis for a guilty plea.*" (*Id.* at p. 136, fn. omitted, italics added.) The court made clear that "determinations about the nature of prior convictions are to be made by the court, rather than a jury, based on the record of conviction." (*Id.* at p. 138.)

Under California law, any felony in which the defendant personally used a weapon in a manner capable of causing and likely to cause substantial physical injury qualifies as a strike. (§ 1192.7, subd. (c)(23); *In re Scott* (2020) 49 Cal.App.5th 1003, 1020 (*Scott*), review granted Aug. 12, 2020, S262716.)[4] Moreover, "any felony in which a defendant personally inflicts great bodily injury on any person, other than an accomplice" constitutes a serious felony. (§ 1192.7, subd. (c)(8)).

Appellant was convicted under federal law of committing an assault with serious bodily injury. The elements of that

---

[4] In *Scott*, the Supreme Court granted review and deferred the matter pending consideration and disposition of *In re Milton*, S259954, which raises the issue whether *Gallardo* applies retroactively to final judgments. (Cal. Rules of Court, rule 8.512(d)(2).)

offense are (1) an assault; and (2) resulting serious bodily injury. (18 U.S.C.S. § 113, subd. (a)(6).)  As the record reflects, appellant admitted that he personally used a knife to commit the crime and personally inflicted great bodily injury upon the victim.  He also admitted that if the matter had gone to trial the prosecution could prove beyond a reasonable doubt that he "intentionally struck or wounded the victim" and that "as a result of [his] actions, the victim suffered serious physical injury."  "Because [appellant] *admitted* via his [federal] guilty plea the facts on which the sentencing court based its conclusion that the conviction qualified as a strike under California law, the court did not engage in the type of judicial *factfinding* regarding *disputed* facts disapproved of by *Gallardo*.  Rather, the court merely assumed its proper role of determining the legal characterization of the undisputed facts.  [Citation.]" (*Scott, supra*, 49 Cal.App.5th at p. 1020.)

Appellant does not dispute that he admitted personally using a knife and that he personally inflicted great bodily injury upon the victim.  He asserts, however, that the trial court could not rely on these admissions because personal weapon use and the personal infliction of great bodily injury are not elements of the offense of which he was convicted.  Like the petitioner in *Scott*, he claims that such a conclusion is compelled by *Descamps v. United States* (2013) 570 U.S. 254 [186 L.Ed.2d 438] (*Descamps*).  In *Descamps*,  "the high court found that the federal district court had erred by using the ACCA [Armed Career Criminal Act] to enhance the defendant's punishment based on a prior state burglary conviction where the state's burglary statute did not include an unlawful-entry element required by the ACCA to allow for enhancement." (*Scott, supra*, 49 Cal.App.5th at

7

p. 1014, citing *Descamps*, at pp. 258-259.) "Based on federal ACCA precedent, Sixth Amendment principles, and fairness considerations, the *Descamps* court construed the ACCA as limiting a sentencing court's comparison of prior and current convictions to the elements of those offenses (the so-called 'categorical approach'), except to the extent a limited inquiry into the record of the prior conviction is necessary to determine which statement of a divisible statute was violated (the so-called 'modified categorical approach')." (*Scott*, at p. 1014, citing *Descamps*, at pp. 267-270.)

Contrary to appellant's claim, *Descamps* did not prohibit the trial court from looking beyond the elements of his prior offense in determining whether it constituted a strike under California law. As the court in *Gallardo* recognized, *Descamps* was "decided on statutory, rather than constitutional, grounds." (*Gallardo*, *supra*, 4 Cal.5th at p. 134; *Scott*, *supra*, 49 Cal.App.5th at p. 1021.) The court in *Gallardo* also recognized that ACCA analysis is "based on the *elements* of the crime of which the defendant was convicted," while the Three Strikes law analysis is "based on the underlying *conduct* that gave rise to the conviction." (*Gallardo*, at p. 135; *Scott*, at p. 1021.) Moreover, the court made clear that nothing in *Descamps* or its progeny precluded the trial court from considering facts "that the defendant admitted as the factual basis for a guilty plea." (*Gallardo*, at p. 136; *Scott*, at p. 1021.) Appellant's claim that the court erred considering such facts thus fails.[5]

---

[5] In light of our conclusion, we also reject appellant's claim that the trial court erred in relying on his 2004 federal conviction of assault resulting in serious bodily injury in imposing strike

8

**II.**

Appellant was sentenced on April 18, 2019. On the principal term in case number 1473654, the trial court imposed a five-year prior serious felony enhancement pursuant to section 667, subdivision (a). Appellant contends that his attorney at sentencing provided constitutionally ineffective assistance of counsel by failing to urge the court to strike the prior serious felony in the interests of justice pursuant to Senate Bill 1393, which went into effect on January 1, 2019.[6]

Appellant fails to demonstrate ineffective assistance, which requires showings of both deficient performance and resulting prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 689 [80 L.Ed.2d 674].) Neither showing is made here. "A court is 'presumed to have been aware of and followed the applicable law' when imposing a sentence. [Citation.]" (*People v. Reyes* (2016)

---

and prior serious felony enhancements on the terms in case numbers 1473654 and 1445369. (See *People v. Baker* (2002) 144 Cal.App.4th 1320, 1328-1329 [in combining sentences imposed in multiple proceedings into a single aggregate term, the trial court is authorized under section 1170.1 to modify a previously-imposed sentence so long as the court does not alter the prior sentencing court's discretionary sentencing decisions].)

[6] Senate Bill 1393 amended sections 667, subdivision (a) and 1385, subdivision (b) to allow a trial court to exercise its discretion to strike or dismiss a prior serious felony conviction for purposes of sentencing. Under the former versions of these statutes, the court was required to impose a five-year consecutive term for "[a]ny person convicted of a serious felony who previously has been convicted of a serious felony" (former § 667, subd. (a)) and had no discretion "to strike any prior conviction of a serious felony for purposes of enhancement of a sentence under Section 667." (former § 1385, subd. (b)).

246 Cal.App.4th 62, 82.)  Appellant was sentenced over three months after Senate Bill 1393 went into effect.  Accordingly, we must presume that the court was aware of its authority to strike the prior serious felony conviction, yet chose not to do so.  (See *People v. Mosley* (1997) 53 Cal.App.4th 489, 499 [sentencing court was presumably aware of its authority to strike a prior strike conviction pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, which was filed 53 days prior to sentencing].)  In light of this presumption, appellant cannot establish that counsel's failure to expressly request that the court to exercise its discretion under Senate Bill 1393 amounts to ineffective assistance.  (See *People v. Beasley* (2003) 105 Cal.App.4th 1078, 1092, citation omitted ["Counsel's failure to make a futile or unmeritorious objection is not deficient performance"].)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

10

Von D. Deroian, Judge

Superior Court County of Santa Barbara

_____

     Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

     Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael R. Johnsen, Supervising Deputy Attorney General, Kristen J. Inberg, and Christopher Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.